1   JILL H. COFFMAN (NY Bar 2307098)
    CHRISTY J. KWON (CA Bar 217186)
2   CARMEN LEON (CA Bar 249981)
    National Labor Relations Board
    Region 20
3   901 Market Street, Suite 400
    San Francisco, California 94103
    Telephone: (415) 356-5130/356-5176
4   Facsimile: (415) 356-5156
    Email: carmen.leon@nlrb.gov

5   Attorneys for Applicant

6

7

8 UNITED STATES DISTRICT COURT
      NORTHERN DISTRICT OF CALIFORNIA

9

10 NATIONAL LABOR RELATIONS BOARD,
              Applicant,

CV N 16 80 057 MISC

Hearing Date:

11          v.

Hearing Time:

12 UBER TECHNOLOGIES, INC.

13

**APPLICATION FOR ORDER
REQUIRING OBEDIENCE TO
SUBPOENA *AD TESTIFICANDUM* AND
SUBPOENA *DUCES TECUM***

14            Respondent.

15

16

17       The National Labor Relations Board (the Board), an administrative agency of the United

18 States Government created pursuant to the National Labor Relations Act, as amended [29

19 U.S.C. § 151 et seq.] (the Act), by its General Counsel, and by Jill Coffman, Regional Attorney

20 for Region 20 of the Board (Region 20), respectfully applies to this Honorable Court, pursuant

21 to Section 11(2) of the Act [29 U.S.C. § 161(2)], for an order requiring Uber Technologies, Inc.,

22 (Respondent), to obey investigative subpoenas issued to it by an agent of the Board. The

23 subpoenas were issued by the Board and were duly served on Respondent in the manner

provided by law.  In support of this application, upon information and belief, the Board shows as follows:

## JURISDICTION AND VENUE

(a)     This Court has jurisdiction over the subject matter of the proceeding, and over Respondent, by virtue of Section 11(2) of the Act [29 U.S.C. § 161(2)], in that the investigation for which Subpoena *Ad Testificandum* A-1-PRRW1T (Exhibit 1(a)) and Subpoena *Duces Tecum* B-1-PRL733 (Exhibit 2(a)) were issued is being carried on within this judicial district.

(b)     Pursuant to the provisions of Section 6 of the Act, the Board has issued Rules and Regulations (Series 8, as amended) (the Rules), governing the conduct of its operations, which have been duly published in the Federal Register, 24 F.R. 9095, as provided for in the Administrative Procedure Act, 5 U.S.C. § 552 (2012), and are reported at 29 C.F.R. §§ 102.1, et seq. This Court may take judicial notice of the Rules. See 44 U.S.C. § 1507 (2012).

## THE BOARD'S INVESTIGATION AND SUBPOENAS

(c)     Pursuant to the provisions of Section 10(b) of the Act [29 U.S.C. § 160(b)], there are now pending before the Board unfair labor practice proceedings entitled *Uber Technologies, Inc.*, involving charges filed against Respondent in Board Cases 20-CA-160717, 20-CA-160720, 14-CA-158833, 28-CA-160791, and 13-CA-163062. The charge in Case 20-CA-160717 was filed on September 24, 2015, by John Billington (Billington), an individual, and is attached here as Exhibit 3(a). The charge in Case 20-CA-160720 was filed on September 24, 2015, by Catherine London (London), an individual, and is attached here as Exhibit 4(a). The charge in Case 14-CA-158833, was filed on August 27, 2015, by Mamdooh Ramzi Husein (Husein), an individual, and is attached here as Exhibit 5(a). The charge in Case 28-CA-160791

was filed on September 25, 2015, by Brittany Nicol (Nicol), an individual, and is attached here as Exhibit 6(a). The charge in Case 13-CA-163062, was filed on October 30, 2015, by Abdul Mohammed (Mohammed), an individual, and is attached here as Exhibit 7(a). The charges were served on Respondent in the manner and form required by law and by Sections 102.9, 102.10 and 102.14 of the Board's Rules. Copies of the affidavits of service for each are attached hereto as Exhibits 3(b), 4(b), 5(b), 6(b), and 7(b), respectively.

(d)      Pursuant to the provisions of Section 3(d) of the Act [29 U.S.C. § 153(d)], the General Counsel of the Board and his duly authorized agents have the final authority, on behalf of the Board, to investigate charges and issue complaints under Section 10 of the Act [29 U.S.C. § 160]. The Regional Director of Region 20 of the Board, on behalf of the General Counsel, pursuant to the provisions of Section 3(d) of the Act [29 U.S.C. §153(d)], has caused investigations to be conducted regarding  the unfair labor practice charges described in paragraph (c) above.

(e)      The charges in Cases 20-CA-160717 and 20-CA-160720, (Exhibit 3(a) and 4(a)) were filed with Region 20 (San Francisco) and they allege that Respondent violated the Act by requiring its drivers to waive their right to engage in protected concerted activity by requiring them to agree to a Licensing Agreement which includes an arbitration policy in which drivers waive their right to commence or participate in a class or collective action against Respondent. The charge in Case 14-CA-158833 (Exhibit 5(a)) was filed with Region 14 (Kansas City), and it alleges that Respondent discriminated against the Charging Party for engaging in protected concerted activity. The charge in Case 28-CA-160791 (Exhibit 6(a)) was filed on September 25, 2015, it alleges that Respondent disciplined and/or discharged the Charging Party because of her protected concerted activities.  The charge in Case 13-CA-163062 (Exhibit 7(a)) was filed with

Region 13 (Chicago) and it alleges that Respondent interfered with rights protected by Section 7 of the Act by telling employees that they would be terminated if they attempted to discuss working conditions with other employees and by discharging the Charging Party in retaliation and/or in order to discourage protected concerted activities.

(f)       Each of the charges under investigation listed above in paragraph (c) allege conduct that would constitute a violation of the Act only if those individuals alleged to have had their statutory rights violated are "employees" of Respondent as defined by Section 2(3) of the Act [29 U.S.C. §152(3)].[1] The Respondent contends that all drivers alleged to have had their rights violated under the Act are independent contractors and not statutory employees. Therefore, the General Counsel of the Board must investigate the threshold issue of whether individuals subject to any of the alleged unfair labor practices described above are statutory employees and not independent contractors.

(g)       On October 21, November 2, and November 9, 2015, all counsel for Respondent were notified that for the sake of efficiency, the General Counsel of the Board had designated

---

[1] Section 2(3) of the Act [29 U.S.C. § 152(3)] (2016) provides:

> The term "employee" shall include any employee, and shall not be limited to the employees of a particular employer, unless this subchapter explicitly states otherwise, and shall include any individual whose work has ceased as a consequence of, or in connection with, any current labor dispute or because of any unfair labor practice, and who has not obtained any other regular and substantially equivalent employment, but shall not include any individual employed as an agricultural laborer, or in the domestic service of any family or person at his home, or any individual employed by his parent or spouse, or any **individual having the status of an independent contractor**, or any individual employed as a supervisor, or any individual employed by an employer subject to the Railway Labor Act [45 U.S.C.A. § 151 et seq.], as amended from time to time, or by any other person who is not an employer as herein defined." 29 U.S.C.A. § 152. (emphasis added)

1    Region 20 to coordinate the investigation of the threshold issue of whether the drivers covered

2    by the charges listed above in paragraph (c) are employees under Section 2(3) of the Act [29

3    U.S.C. §152]. The emails and letter communicating this consolidation are attached here as

4    Exhibit 8(a). Absent such coordination, multiple regional offices of the Board would be

5    undertaking duplicative investigation of the same threshold issue, and would be required to do

6    so each time a new charge is filed with a regional office of the Board. In response, Respondent

7    designated Rob Hulteng and his law firm to respond to the Board's consolidated investigation

8    into this threshold. (Leon Affidavit, pg. 2, par. 4-6; Exhibit 8(b)).

9             (h)      After failing to obtain complete cooperation from Respondent with regard to its

10   production of material and relevant evidence on the threshold "employee/independent

11   contractor" issue, the Regional Director on December 31, 2015, caused to be issued at the

12   written request of the investigating Board agent, Carmen León, (the Board agent) a

13   representative of the General Counsel of the Board, the following investigative subpoenas:

14            (1) Subpoena *Ad Testificandum* A-1-PRRW1T requiring Respondent's Custodian

15   of Records to appear before a Board agent on January 26, 2016, at 9:00 a.m. at the San

16   Francisco Regional Office, 901 Market Street, Suite 400, in San Francisco, California, and give

17   testimony in the form of sworn answers to written interrogatories regarding the threshold issue

18   of whether the drivers at issue are employees under Section 2(3) of the Act. A copy of Subpoena

19   A-1-PRRW1T is attached as Exhibit 1(a).

20            (2)      Subpoena *Duces Tecum* No. B-1-PRL733 requiring Respondent's

21   Custodian of Records to appear before a Board agent on January 26, 2016, at 9:00 a.m., at the

22

23

Application for Order Requiring Obedience to Subpoenas                                          Page 5

San Francisco Regional Office, 901 Market Street, Suite 400, in San Francisco, California, and provide certain specified records and other documents regarding, *inter alia*, the threshold issue of whether the drivers at issue are employees under Section 2(3) of the Act, and to give testimony in connection with the contents of those records and other documents. A copy of Subpoena B-1-PRL733 is attached as Exhibit 2(a).

(i)     Subpoena *Ad Testificandum* A-1-PRRW1T and Subpoena *Duces Tecum* B-1-PRL733, collectively referred to as Subpoenas, were issued under the authority of, and in the manner and form provided for, in Section 11(1) of the Act, [29 U.S.C. §161(1)] and Section 102.31(a) of the Board's Rules and Regulations. [29 C.F.R. § 102.31(a)].

(j)     The Subpoenas were duly served upon Respondent in the manner and form provided for in Section 11(4) of the Act [29 U.S.C. § 161(4)] and Section 102.113 of the Board's Rules and Regulations. [29 C.F.R. § 102.113]. Copies of the proofs of service for the Subpoenas are attached hereto as Exhibit 1(b) and 2(b), respectively.

(k)     A courtesy copy of the Subpoenas were served on Counsel for Respondent and in her accompanying cover letter, the Board Agent offered to discuss with Respondent how best to accommodate production of the requested information. The cover letter accompanying the courtesy copy of the Subpoenas is attached here as Exhibit 9.

(l)     Return receipts for the Subpoenas were received by Region 20, noting that Respondent received the Subpoenas on January 4, 2016. The return receipts are attached here as Exhibit 10.

(m)     From January 5, 2016, to February 22, 2016, the Board Agent and Counsel for Respondent conferred numerous times, orally and in writing, regarding Respondent's obligation under the Subpoenas to provide documents and answers to interrogatories. During this time

Application for Order Requiring Obedience to Subpoenas                                          Page 6

period and to date, Respondent has not provided the majority of the documents and information requested in the Subpoenas. It continues to maintain that the Board is not entitled to the answers and documents it requested in its Subpoenas, and it has limited its scant production of evidence to the two Charging Parties that filed charges in Region 20. (Leon Decl. p.3, par. 8)

(n)     Based on the above, Respondent has failed and refused to comply with the Board's Subpoenas.

(o)     The testimony, records and documents requested in the Subpoenas are relevant and material to the Board's current investigation of Cases 20-CA-160717, 20-CA-160720, 14-CA-158833, and 13-CA-163062. Respondent's incomplete documentary production, non-responsive and incomplete answers to the interrogatories and its failure to make available its Custodian of Records for a sworn statement pursuant to the Subpoenas have impeded and continue to impede the Board in the investigation before it. In order for the Board to carry out its statutory duties and functions under the Act, an order compelling Respondent to comply with the Subpoenas is necessary and appropriate.

WHEREFORE, Applicant, the National Labor Relations Board, respectfully prays that:

(p)     An Order To Show Cause issue directing Respondent to appear before this Court on a day certain to be fixed in said Order and to show cause, if any there be, why an order should not issue directing Respondent's Custodian of Records to appear before a Board agent designated by the Regional Director of Region 20 of the Board to take evidence in Cases 20-CA-160717, 20-CA-160720, 14-CA-158833, and 13-CA-163062, at such time and place as the Regional Director may designate, directing Respondent's Custodian of Records to appear before a Board agent designated by the Regional Director of Region 20, and then and there produce the records and documents requested in Subpoena *Duces Tecum* No. B-1-PRL733; directing

1    Respondent's Custodian of Records to appear before a Board Agent designated by the Regional

2    Director of Region 20, at such time and place as the Board Agent may designate, and then and

3    there provide sworn written answers to the interrogatories and testify in obedience to Subpoena

4    *Ad Testificandum* A-1-PRRW1T.

5      (q)      Upon the return of said Order to Show Cause, an order issue from this Court

6    requiring Respondent's Custodian of Records to appear and produce documents and testimony

7    as stated in paragraph (p) above.

8      (r)      The Applicant, National Labor Relations Board, have such other further relief as

9    may be necessary and appropriate.

10      DATED AT San Francisco, California, this ___ day of March, 2016.

11

12

13      Jill H. Coffman
     Regional Attorney, Region 20

14 Richard Griffin
   General Counsel of the Board

15

16 Christy J. Kwon
   Supervisory Attorney, Region 20

17 Carmen León
   Field Attorney, Region 20

18

19 Attorneys for Applicant
   National Labor Relations Board

20

21

22

23

1  STATE OF CALIFORNIA          )
                                )      SS.
2  COUNTY OF SAN FRANCISCO      )

3        Jill H. Coffman certifies and says that she is the Regional Attorney of the Twentieth

4  Region of the National Labor Relations Board; that she has read the foregoing application and

5  exhibits attached thereto and knows the contents thereof; that the statements therein made as

6  upon personal knowledge are true and that those made on information she believes to be true.

7        DATED March 1st, 2016, at San Francisco, CA.

8

9                                              Jill H. Coffman,

10                                             Regional Attorney, Region 20

FORM NLRB-32

## SUBPOENA

### UNITED STATES OF AMERICA
### NATIONAL LABOR RELATIONS BOARD

To    Custodian of Records, Uber Technologies, Inc.

1455 Market Street, San Francisco, CA  94103

As requested by    CARMEN LEON, on behalf of the General Counsel

whose address is    901 Market Street, Suite 400, San Francisco, CA 94103-1738
| (Street) | (City) | (State) | (ZIP) |

YOU ARE HEREBY REQUIRED AND DIRECTED TO APPEAR BEFORE    the Regional Director or his/her designee

of the National Labor Relations Board

at    901 Market Street, Suite 400

in the City of    San Francisco, CA

on    Tuesday, January 26, 2016                                      by    5:00 p.m.                    or any adjourned

or rescheduled date to provide answers to the **attached interrogatories** in connection to the Board's investigation in:

Uber Technologies, Inc.
20-CA-160717, et al
(Case Name and Number)

If you do not intend to comply with the subpoena, within 5 days (excluding intermediate Saturdays, Sundays, and holidays) after the date the subpoena is received, you must petition in writing to revoke the subpoena. Unless filed through the Board's E-Filing system, the petition to revoke must be received on or before the official closing time of the receiving office on the last day for filing. If filed through the Board's E-Filing system, it may be filed up to 11:59 pm in the local time zone of the receiving office on the last day for filing. Prior to a hearing, the petition to revoke should be filed with the Regional Director; during a hearing, it should be filed with the Hearing Officer or Administrative Law Judge conducting the hearing. See Board's Rules and Regulations, 29 C.F.R. Section 102.31(b) (unfair labor practice proceedings) and/or 29 C.F.R. Section 102.66(c) (representation proceedings) and 29 C.F.R Section 102.111(a)(1) and 102.111(b)(3) (time computation). Failure to follow these rules may result in the loss of any ability to raise objections to the subpoena in court.

**A-1-PRRW1T**

Under the seal of the National Labor Relations Board, and by direction of the Board, this Subpoena is

Issued at   San Francisco, CA

Dated:    December 31, 2015

Chairman, National Labor Relations Board

NOTICE TO WITNESS. Witness fees for attendance, subsistence, and mileage under this subpoena are payable by the party at whose request the witness is subpoenaed. A witness appearing at the request of the General Counsel of the National Labor Relations Board shall submit this subpoena with the voucher when claiming reimbursement.

### PRIVACY ACT STATEMENT

Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 et seq. The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing representation and/or unfair labor practice proceedings and related proceedings or litigation. The routine uses for the information are fully set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is mandatory in that failure to supply the information may cause the NLRB to seek enforcement of the subpoena in federal court.

Exhibit 1(a)

Case 20-CA-160717

A-1-PRRW1T

**RETURN OF SERVICE**

I certify that, being a person over 18 years of age, I duly served a copy of this subpoena

☐ by person

☐ by certified mail

☐ by registered mail

☐ by telegraph

**(Check method used.)**     ☐ by leaving copy at principal office or place of business at

_____

_____

_____

on the named person on

_____

(Month, day, and year)

_____

(Name of person making service)

_____

(Official title, if any)

**CERTIFICATION OF SERVICE**

I certify that named person was in

attendance as a witness at

_____

on

(Month, day or days, and year)

_____

(Name of person certifying)

_____

(Official title)

Uber Technologies, Inc.
20-CA-160717 and 20-CA-160720
Subpoena No. A-1-PRRW1T

Pursuant to §11 of the National Labor Relations Act, 29 U.S.C. §161, you are hereby directed to provide full and complete written responses to the interrogatories set forth below.

## DEFINITIONS AND INSTRUCTIONS

1) Written answers to the interrogatories set forth below must be provided by no later than the date indicated on the face of the subpoena.

2) All answers to the interrogatories shall be provided under penalty of perjury, and the answers provided shall be accompanied by a sworn verification so stating.

3) Whenever used in this subpoena, "Charged Party" or "Uber" refers to Uber Technologies, Inc., its employees, agents, representatives, accountants, attorneys, trustees, successors and assigns, and the employees, agents, representatives, accountants, attorneys, trustees, successors and assigns of any entity that it owns, controls or manages, or subsidiaries including, but not limited to Rasier, LLC, Rasier-CA, LLC, and Rasier-PA, LLC.

4) As used herein, the term "person" means any natural person, corporation, partnership, proprietorship, association, organization, trust, joint venture, or group of natural persons or other organizations.

5) Whenever used in this subpoena, the singular shall be deemed to include the plural, and vice versa; the present tense shall be deemed to include the past tense, and vice versa; reference to parties shall be deemed to include any and all of their officers, agents and representatives; the masculine shall be deemed to include the feminine, and vice versa; the disjunctive "or" shall be deemed to include the conjunctive "and," and vice versa; and each of the words "each," "any," "every," and "all" shall be deemed to include each of the other words.

6) When used in this subpoena, the word "document" or "documents" means any existing printed, typewritten, handwritten, or otherwise recorded material of whatever character, including, but not limited to text, webpage, letters, correspondence, memoranda, telegrams, mailgrams, minutes, notes, statements, affidavits, agreements, summaries, records of telephone conversations, telephone bills, recordings of personal conversations, interviews or meetings, transcripts, diaries, reports, charts, contracts, calendars, interoffice communications, books, records, tax records, bookkeeping and/or accounting work papers, canceled checks, accounts, accounts receivable records, ledgers, journals, purchase orders, invoices, bills of lading, billing slips, delivery records, receiving records, photographs, microfilm, audio or video tapes, voice mail messages, material existing on computer software or hardware, computer tapes or disks and electronic mail, and all data contained thereon that may be retrieved, including electronically stored information (ESI), material stored on hard disks, and any carbon, photographic or other duplicate copy of such material in the possession of, control of, or available to the subpoenaed party or any attorney, agent, representative or other person acting in cooperation with, in concert with, or on behalf of the Charged Party.

Uber Technologies, Inc.
20-CA-160717 and 20-CA-160720
Subpoena No. A-1-PRRW1T

7) If any information responsive to any interrogatory herein is withheld from production on the asserted ground that it is privileged, identify and describe:

> a) the subject matter of the information;
> b) where that information is maintained;
> c) the identity of the persons who maintain that information.

8) In answering these interrogatories, furnish all information, however obtained, including hearsay that is available to you and information known by or in possession of yourself, your agents and your attorney, or appearing in your records, and identify with specificity the sources of all information provided in your answers.

9) If you cannot answer the following interrogatories in full after exercising due diligence to secure the full information to do so, so state and answer to the extent possible, specifying your inability to answer the remainder, stating whatever information or knowledge you have concerning the unanswered portion and detailing what you did in attempting to secure the unknown information.

10) In response to any interrogatory not expressly asking for documents, state whether there are any documents which reflect or relate to any of the information requested in that interrogatory, and identify the custodian of the documents.

11) Any interrogatory which cannot be answered in full shall be answered as completely as possible, and any incomplete answer shall be accompanied by reasons for the incompleteness of the answer as well as by a statement of whatever knowledge, information, or belief is possessed by the Charged Party with respect to each unanswered or incomplete interrogatory.

12) Should you claim that any of the following interrogatories is beyond the scope of permissible discovery or privilege, such claim shall specify in detail all the grounds on which the claim rests.

13) When addresses and telephone numbers are requested, both business and home addresses and telephone numbers are required.

14) Whenever used in this subpoena, "Charged Party employee" shall refer to any person who performs services for the Charged Party including but not limited to any agent, employee, representative, customer service representative, or Uber Help Community Support Representative.

15) Whenever used in this subpoena "Charged Party's software app" shall refer to the Charged Party' technology platform.

16) All interrogatories should respond to the time period beginning August 1, 2013, through the present unless otherwise noted.

Uber Technologies, Inc.
20-CA-160717 and 20-CA-160720
Subpoena No. A-1-PRRW1T

17) Whenever used in this subpoena, "Driver" shall also refer to "driver ID" or driver identification.

18) Whenever used in this subpoena, "client" shall refer to passengers being transported by drivers who are utilizing Charged Party's software application including Charged Party's own definition of "user" as found in their Software License and Online Services Agreement.

19) Whenever used in this subpoena, "position" shall refer to the Charged Party employee's status or job title within the Charged Party's organization, and if not within the Charged Party's organization, state the employing entity and position therein.

20) Whenever referred to in this subpoena, "arbitration provision" shall refer to the arbitration provision contained within the Software License and Online Service Agreements or any other arbitration provision applied to drivers.

Uber Technologies, Inc.
20-CA-160717 and 20-CA-160720
Subpoena No. A-1-PRRW1T

## INTERROGATORIES

1.  State the name, address and telephone number of each person responsible, in whole or in part, for providing the answers to these interrogatories.

2.  State the name, address and telephone number of each person responsible, in whole or in part, for producing the documents provided in response to NLRB Subpoena Duces Tecum No. B-1-PRL733.

3.  State the Business Model on which the Charged Party's software app is based.

4.  State what the minimum requirements are before an individual is given a driver ID and is allowed to perform transportation services using the Charged Party's software app.

5.  State the different types of categories of Uber drivers, including but not limited to Uber X, Uber Black, Uber Taxi, Uber SUV, and Uber Lux, the difference between the different services, and drivers.

Application and Onboarding of Drivers

6.  State in detail the application process administered or provided by the Charged Party for prospective drivers.

7.  State the position of any Charged Party employee who reviews driver applications.

8.  Explain how Charged Party decides whether to accept a prospective driver's application and the process by which an Uber driver is issued driver identification, and state the position of Charged Party employee(s) responsible for these duties.

9.  Explain the process by which a prospective driver is informed that he or she has been accepted as an Uber driver, and state the position of the Charged Party employee(s) responsible for this duty.

10. State in detail any interview procedures administered or provided by the Charged Party for prospective drivers, including the position of any Charged Party employee who conducts the interview.

11. State in detail the onboarding or orientation process for drivers, including but not limited to Uber X and Uber Black drivers.

12. State the identity and position of the person(s) who compose the onboarding scripts.

13. State what a driver ID is.

Trainings for Drivers

Uber Technologies, Inc.
20-CA-160717 and 20-CA-160720
Subpoena No. A-1-PRRW1T

14. State the identity and position of the person(s) or Charged Party employees who create trainings given or administered to, or tailored for, drivers.

15. State how driver training subjects are determined.

16. State how trainings are administered or made available to drivers.

17. State the criteria used to determine whether a driver needs training.

18. State the different types of trainings that have been made available to drivers.

19. State the identity and position of the person who creates or composes the "city knowledge test."

20. State how the training(s) on knowledge of the city are administered to drivers.

21. State how the results of completing the training are used by the Charged Party.

22. State in detail how the trainings are issued or administered to the drivers, what circumstances cause the trainings to be required, and how the drivers complete the training.

23. State the manner or method in which alerts, trainings, or any messages are sent to drivers, and the manner or method in which drivers can accept the alerts, messages, or demonstrate assent or acceptance.

Policies

24. State the identity and position of the person(s) or employees who creates the policies responsive to Subpoena Number B-1-PRL733 document request number 9.

25. State the process by which the policies in response to Subpoena Number document request number 9 are determined.

26. With respect to Subpoena Number B-1-PRL733 document request number 9, state the manner or method in which the policies and procedures are made known to drivers.

27. With respect to Subpoena Number B-1-PRL733 document request number 9, state the manner or method in which driver may demonstrate acceptance or recognition of the policies or procedures.

28. With respect to Subpoena Number B-1-PRL733 document request number 9, state whether any policies are made known to clients.

Uber Technologies, Inc.
20-CA-160717 and 20-CA-160720
Subpoena No. A-1-PRRW1T

29. With respect to Subpoena Number B-1-PRL733 document request number 9, state the manner or method in which the policies are made known to clients.

30. State the Charged Party's policy on "Integrity" including, but not limited to "You should also never solicit Uber clients for your own business," and how the policy is enforced.

31. State what the consequences are for a driver whom the Charged Party discovers has solicited a Charged Party client for his/her own business.

32. State what the "Quality Framework" is, including:

   a. the identity and position of the person who created it;
   b. how it was created;
   c. why it was created;
   d. how it is defined;
   e. the identity and position of the person who reviews the categories,
   f. how it is applied, and
   g. how it has been applied to drivers.

33. State how drivers are informed of potential clients while using the Charged Party's software app.

34. State how drivers determine what clients to pick up, transport, and drop off while using the Charged Party's software app.

35. State whether drivers can provide transportation services to clients who are not referred to them by the Charged Party's software app while the driver is actively logged onto the Charged Party's software app.

36. Describe the extent to which a driver is allowed to refuse to transport clients obtained through the Charged Party's software app, and the consequences to the driver for refusing, if any.

Driver Ratings

37. State what driver ratings are.

38. State what driver ratings are used for.

39. State who is responsible for the collection of driver ratings and the name of the position(s).

40. Explain how driver ratings are collected.

41. Explain how driver ratings are analyzed and state the name employees responsible for this duty and their position.

Uber Technologies, Inc.
20-CA-160717 and 20-CA-160720
Subpoena No. A-1-PRRW1T

42. Explain the different ways drivers are rated.

43. State what information, criteria, formula or algorithm driver ratings are based on.

44. Explain how ratings are calculated.

45. State in detail how acceptance rates are calculated, including the raw data used to calculate the acceptance rate.

46. Identify and describe the information or data that is used, other than the number of client acceptances, to make acceptance rate calculations.

47. State what it is to deactivate a driver.

48. State whether the Charged Party can deactivate a driver.

49. State the different reasons for which a driver may be deactivated.

50. State the process for deactivating a driver.

51. State the position of the Charged Party employee that determines whether to deactivate a driver.

52. State the position of the Charged Party employee that informs drivers that they have been deactivated or will be deactivated.

53. State how the Charged Party communicates to drivers that they are deactivated.

54. State how many drivers have been deactivated.

Fares/fees/payment

55. State how fares, whether recommended by the Charged Party or otherwise, are determined.

56. State the identity and position of the person(s) responsible for the setting of fares.

57. State whether drivers can set their own pricing or fares for rides.

58. State how drivers determine how much to charge a client for a ride.

59. State how a client makes a fare payment.

60. State who receives the client's fare payment.

61. State whether drivers may collect cash as payment for providing rides, and if so, how many drivers collect cash.

Uber Technologies, Inc.
20-CA-160717 and 20-CA-160720
Subpoena No. A-1-PRRW1T

62. Describe what a fare promotion is.

63. State whether the Charged Party offers discount pricing.

64. State the different fare promotions the Charged Party offers to clients for transportation services.

65. State the different types of discount prices the Charged Party offers to clients for transportation services.

66. State how promotions or discount prices are factored into fares, fees and payment calculations.

67. State what surges are with regard to the Charged Party's software app.

68. With respect to interrogatory number 67, state how surges work.

69. With respect to interrogatory number 67, state to whom surges are announced.

70. With respect to interrogatory number 67, state how surges are generated.

71. With respect to interrogatory number 67, state how long surges last.

72. With respect to interrogatory number 67, state what data is used to determine surges.

73. With respect to interrogatory number 67, state how surges factor into pricing, fees, or payment to drivers.

74. With respect to interrogatory number 67, state how surges factor into fares charged to clients.

75. With respect to interrogatory number 67, state what prompts surge pricing texts to be sent to drivers.

76. With respect to interrogatory number 75, state what data is collected from drivers in response to these texts, and how this data is used.

77. State how the Charged Party reports driver earnings, including tips, to the Internal Revenue Service, including but not limited to, W-2 or 1099 forms.

78. State how drivers are paid for the transportation services they provide to clients.

79. State how payments to drivers are calculated.

80. State what the drivers' weekly summaries are.

- 8 -

Uber Technologies, Inc.
20-CA-160717 and 20-CA-160720
Subpoena No. A-1-PRRW1T

81. With respect to interrogatory number 80, state what information drivers' weekly summaries contain.

82. With respect to interrogatory number 80, state how the information within the drivers' weekly summaries is compiled.

83. State whether algorithms are used to determine fares, including but not limited to surge pricing.

84. State what type of data underpins the algorithm that determines pricing, including but not limited to surge pricing, and whether and how a driver has control over the data or algorithm.

85. State how the algorithm is used to determine fares and whether and how it affects payments made to drivers.

86. State the identity of the persons who can explain how an algorithm is used to determine prices, including but not limited to surge pricing.

Feed back by Drivers

87. State the methods by which drivers can inform the Charged Party about issues concerning clients, including any ratings drivers can give to the clients.

88. State how and to whom the drivers can submit issues concerning clients or passengers to the Charged Party, including but not limited to partnerssf@uber.com.

89. With respect to interrogatory number 88, state how the information is collected.

90. With respect to interrogatory number 88, state the identity and position of those person(s) responsible for the review of this information.

91. With respect to interrogatory number 88, state how the Charged Party uses the information obtained.

92. With respect to interrogatory number 88, state how that information is used.

93. State the position of the Charged Party employee who responds to driver complaints and their status with respect to the Charged Party's organizational structure or corporate hierarchy.

94. State the position of the Charged Party employee who responds to client complaints and their status with respect to the Charged Party's organizational structure or corporate hierarchy.

Monitoring or Tracking of Drivers

Uber Technologies, Inc.
20-CA-160717 and 20-CA-160720
Subpoena No. A-1-PRRW1T

95. Describe the method by which drivers are monitored or tracked, including but not limited to their movements, activities, behavior, and hours worked.

96. State how frequently drivers are monitored or tracked.

97. State the duration of driver monitoring or tracking.

98. State what data is collected by monitoring or tracking drivers.

99. State how the data from monitoring or tracking drivers is recorded and how long it is maintained.

100. State how the data from monitoring or tracking drivers is used, including but not limited to determining prices, ratings, and hiring or invitations to become drivers.

101. State the identity and position of the person and/or software that is responsible for the collection, analysis, or review of the information collected by driver monitoring or tracking.

102. State the way the monitoring or tracking information is used, including but not limited to, the creation of drive ratings and/or surges.

Arbitration Provision

103. State the case names and numbers in which the Charged Party has filed a motion to compel arbitration or any other motion to enforce the Charged Party's arbitration provision in matters involving drivers.

104. State whether any drivers have failed to sign, acknowledge receipt of, or otherwise assent to, the Charged Party's arbitration provision.

105. State the consequences to drivers who fail to sign or accept acknowledgment or receipt of the arbitration provision.

106. State the identity of drivers who have failed to sign the arbitration provision.

General

107. State the names of all of the cases and case numbers in which counsel retained by the Charged Party has represented drivers, including but not limited to, counsel representing drivers for traffic infractions for airport service brought by the Los Angeles District Attorney.

UNITED STATES OF AMERICA
BEFORE THE NATIONAL LABOR RELATIONS BOARD
REGION 20

UBER TECHNOLOGIES, INC.

    **and**                                           Case 20-CA-160717, et al

**JOHN BILLINGTON, an Individual**


**AFFIDAVIT OF SERVICE OF Subpoena to Custodian of Records**

I, the undersigned employee of the National Labor Relations Board, being duly sworn, say that on **December 31, 2015,** I served the above-entitled document(s) by **certified mail** upon the following persons, addressed to them at the following addresses:

Uber Technologies, Inc.
1455 Market St
San Francisco, CA 94103-1331
*A-1-PRRW1T*

7015-0640-0007-2064-3900


| December 31, 2015 | Donna Gentry, Designated Agent of NLRB |
|---|---|
| Date | Name |

| | */s/ Donna Gentry* |
|---|---|
| | Signature |

Exhibit 1(b)

FORM NLRB-31

## SUBPOENA DUCES TECUM

## UNITED STATES OF AMERICA
## NATIONAL LABOR RELATIONS BOARD

To   Uber Technologies, Inc., Attention: Custodian of Records

1455 Market Street, San Francisco, CA  94103

As requested by   CARMEN LEON, on behalf of the General Counsel

whose address is   901 Market Street, Suite 400, San Francisco, CA 94103-1738

| (Street) | (City) | (State) | (ZIP) |

YOU ARE HEREBY REQUIRED AND DIRECTED TO APPEAR BEFORE   the Regional Director or his/her designee

of the National Labor Relations Board

at   901 Market Street, Suite 400

in the City of   San Francisco, CA

on   the 26th day of January, 2016                                                         at   9:00 a.m.                     or any adjourned

or rescheduled date to testify in   Uber Technologies, Inc.
20-CA-160717, et al

(Case Name and Number)

And you are hereby required to bring with you and produce at said time and place the following books, records, correspondence, and documents:

SEE ATTACHMENT

If you do not intend to comply with the subpoena, within 5 days (excluding intermediate Saturdays, Sundays, and holidays) after the date the subpoena is received, you must petition in writing to revoke the subpoena. Unless filed through the Board's E-Filing system, the petition to revoke must be received on or before the official closing time of the receiving office on the last day for filing. If filed through the Board's E-Filing system, it may be filed up to 11:59 pm in the local time zone of the receiving office on the last day for filing. Prior to a hearing, the petition to revoke should be filed with the Regional Director; during a hearing, it should be filed with the Hearing Officer or Administrative Law Judge conducting the hearing. See Board's Rules and Regulations, 29 C.F.R Section 102.31(b) (unfair labor practice proceedings) and/or 29 C.F.R. Section 102.66(c) (representation proceedings) and 29 C.F.R Section 102.111(a)(1) and 102.111(b)(3) (time computation). Failure to follow these rules may result in the loss of any ability to raise objections to the subpoena in court.

**B-1-PRL733**

Under the seal of the National Labor Relations Board, and by direction of the Board, this Subpoena is

Issued at   San Francisco, CA

Dated:        December 31, 2015

Chairman, National Labor Relations Board

NOTICE TO WITNESS. Witness fees for attendance, subsistence, and mileage under this subpoena are payable by the party at whose request the witness is subpoenaed. A witness appearing at the request of the General Counsel of the National Labor Relations Board shall submit this subpoena with the voucher when claiming reimbursement.

## PRIVACY ACT STATEMENT

Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 et seq. The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing representation and/or unfair labor practice proceedings and related proceedings or litigation. The routine uses for the information are fully set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is mandatory in that failure to supply the information may cause the NLRB to seek enforcement of the subpoena in federal court.

Exhibit 2(a)

Case 20-CA-160717

B-1-PRL733

## RETURN OF SERVICE

I certify that, being a person over 18 years of age, I duly served a copy of this subpoena

☐ by person

☐ by certified mail

☐ by registered mail

☐ by telegraph

**(Check method used.)** ☐ by leaving copy at principal office or place of business at

_____

_____

_____

on the named person on

_____
(Month, day, and year)

_____
(Name of person making service)

_____
(Official title, if any)

## CERTIFICATION OF SERVICE

I certify that named person was in

attendance as a witness at

_____

on
_____
(Month, day or days, and year)

_____
(Name of person certifying)

_____
(Official title)

Uber Technologis, Inc.
20-CA-160717 & 160720
Subpoena No. B-1-PRL733

## ATTACHMENT

Pursuant to §11 of the National Labor Relations Act, 29 U.S.C. §161, you are required to produce the documents set forth below.

### DEFINITIONS AND INSTRUCTIONS

1) Whenever used in this subpoena, "Charged Party" refers to Uber Technologies, Inc., its employees, agents, representatives, accountants, attorneys, trustees, successors and assigns, and the employees, agents, representatives, accountants, attorneys, trustees, successors and assigns of any entity that it owns, controls or manages, or subsidiaries including, but not limited to Rasier, LLC, Rasier-CA, LLC, and Rasier-PA, LLC.

2) This subpoena is intended to cover all documents that are available to the Charged Party, or subject to the Charged Party's reasonable acquisition, including, but not limited to, documents in the possession or control of Charged Party or its attorneys, accountants, advisors, investigators or other persons directly or indirectly employed or retained by or connected with the Charged Party or its attorneys, or anyone else otherwise subject to its control.

3) When used in this subpoena, the word "document" or "documents" means any existing printed, typewritten, handwritten, or otherwise recorded material of whatever character, including, but not limited to text, webpage, letters, correspondence, memoranda, telegrams, mailgrams, minutes, notes, statements, affidavits, agreements, summaries, records of telephone conversations, telephone bills, recordings of personal conversations, interviews or meetings, transcripts, diaries, reports, charts, contracts, calendars, interoffice communications, books, records, tax records, bookkeeping and/or accounting work papers, canceled checks, accounts, accounts receivable records, ledgers, journals, purchase orders, invoices, bills of lading, billing slips, delivery records, receiving records, photographs, microfilm, audio or video tapes, voice mail messages, material existing on computer software or hardware, computer tapes or disks and electronic mail, and all data contained thereon that may be retrieved, including electronically stored information (ESI), material stored on hard disks, and any carbon, photographic or other duplicate copy of such material in the possession of, control of, or available to the subpoenaed party or any attorney, agent, representative or other person acting in cooperation with, in concert with, or on behalf of the Charged Party.

4) Whenever used in this subpoena, the singular shall be deemed to include the plural, and vice versa; the present tense shall be deemed to include the past tense, and vice versa; reference to parties shall be deemed to include any and all of their officers, agents and representatives; the masculine shall be deemed to include the feminine, and vice versa; the disjunctive "or" shall be deemed to include the conjunctive "and," and vice versa; and each of the words "each," "any," "every," and "all" shall be deemed to include each of the other words.

5) The term "copy" or "copies" shall refer to exact and complete duplicates of original documents and shall be accepted in lieu of originals, provided that the original documents shall

- 1 -

Uber Technologis, Inc.
20-CA-160717 & 160720
Subpoena No. B-1-PRL733

be made available pursuant to the hearing or at the time of production, for the purpose of verifying the accuracy of such copy or copies.

6) Any copies of original documents which are different in any way from the original, whether by interlineation, receipt, stamp, notations, indication of copies sent or received, or otherwise, shall themselves be considered original documents and must be produced separately from the originals or copies of originals.

7) All documents produced pursuant to this subpoena should be organized by the subpoena paragraph to which each document or set of documents is responsive.

8) This request contemplates production of responsive documents in their entirety, without abbreviation or expurgation.

9) If any document responsive to any request herein was withheld from production on the asserted ground that it is privileged, identify and describe:

    a) the author;
    b) the recipient(s) or intended recipient(s);
    c) the date of the original document;
    d) the subject matter of the document.

10) If any document responsive to any request herein was, but no longer is, in the Charged Party's possession, custody or control: identify the document (stating its date, author, subject, recipients and intended recipients); explain the circumstances by which the document ceased to be in the Charged Party's custody or control; and identify (stating the person's name, employer title, business address and telephone number, and home address and telephone number) all persons known or believed to have the document or a copy thereof in their possession, custody or control.

11) If any document responsive to any request herein was destroyed, discarded or otherwise disposed of for whatever reasons: identify the document (stating its date, author, addressee(s), recipient(s) and intended recipient(s), title and subject matter); explain the circumstances surrounding the destruction, discarding or disposal of the documents, including the timing of the destruction, discarding or disposal of the document; and identify all persons known or believed to have the document or a copy thereof in their possession, custody or control.

12) This request is continuing in character and if additional responsive documents come to The Charged Party's attention following the date of production, such documents must be promptly produced.

13) Whenever used in this subpoena, "driver" shall refer to any person using any of the Charged Party software app to perform transportation services.

Uber Technologis, Inc.
20-CA-160717 & 160720
Subpoena No. B-1-PRL733

14) Whenever used in this subpoena, "Charged Party's employee" shall refer to any person who performs services for the Charged Party including but not limited to any agent, employee, representative, customer service representative, or Uber Help Community Support Representative.

15) Whenever used in this subpoena, "client" shall refer to passengers being transported by drivers who are utilizing Charged Party's software application including Charged Party's own definition of "user" as found in their Software License and Online Services Agreement.

16) Whenever used in this subpoena "Charged Party's software app" shall refer to the Uber Technologies, Inc. technology platform.

17) Whenever used in this subpoena, "Driver" shall also refer to "driver ID"

18) All requests for documents concern documents created, issued, maintained, or used during the time period beginning August 1, 2013, and through the present, unless otherwise indicated.

19) Whenever referred to in this subpoena, "arbitration provision" shall refer to the arbitration provision contained within the Software License and Online Service Agreements.

20) An Agent of the National Labor Relations Board will be available to discuss or meet with the entity subpoenaed, or a designated or legal representative, at a mutually agreed-upon date and time and place before the return date of the subpoena, for the purpose of discussing any accommodations necessary for the production of documents being requested.

Uber Technologis, Inc.
20-CA-160717 & 160720
Subpoena No. B-1-PRL733

## **DOCUMENTS REQUESTED**

1. All solicitations or invitations to apply to become a driver posted by the Charged Party.

2. Documents reflecting all criteria used for hiring drivers, including "SF Hiring Freeze & Quality Push."

3. Copy of all application forms made available to prospective drivers.

4. Copy of all scripts used during driver onboarding or orientation, including but not limited to "PARNERS: Uber SF Onboarding Script."

5. Copy of any visual aids, including but not limited to videos or PowerPoint slides, shown during invitations to apply, onboarding, orientation, or any other presentation for new or prospective drivers.

6. Copy of all trainings administered, issued, or made available to drivers.

7. Copy of all notifications or alerts concerning requirements, expectations, or suggestions for driving.

8. Copy of all versions of driver handbooks.

9. Documents reflecting all policies and procedures concerning driver conduct, expectations, recommendations, or suggestions, including but not limited to best practices, "How to use the Uber Driver App," "How to be a 5 Star Uber Driver," the "Zero Tolerance" list, the "Majors" list, the "Minors" list, and the "Cites" list.

10. Documents reflecting all policies regarding drivers' use of any transportation software applications, the Charged Party's or otherwise.

11. Documents reflecting all policies regarding driver business cards.

12. Documents reflecting all policies regarding vehicle displays, logos, or trade dress, including those of the Charged Party.

13. Documents reflecting all policies and procedures regarding "wait time" for clients as communicated to either drivers or clients.

14. Documents reflecting all policies regarding the transportation of clients with pets.

15. Documents reflecting all policies regarding vehicle cleanliness as communicated to either drivers or clients.

Uber Technologis, Inc.
20-CA-160717 & 160720
Subpoena No. B-1-PRL733

16. Documents reflecting all policies concerning pricing, rates, fares, or payment provided to clients, including documents showing where that information appears and how it is disseminated or demonstrated to clients.

17. Documents reflecting all policies concerning pricing, rates, fares, or payment provided or made available to drivers, including documents showing where that information appears and how it is disseminated or demonstrated to drivers.

18. Documents reflecting all policies concerning drivers' trip acceptance, including documents showing how the trip acceptance rate is calculated and how the Charged Party uses the rate.

19. Documents reflecting all policies concerning customer ratings, including documents showing how the ratings are calculated and how the Charged Party uses the ratings.

20. Documents reflecting all policies and procedures which show how drivers can rate or provide feedback regarding clients.

21. To the extent not covered above, documents reflecting all policies regarding driver ratings.

22. To the extent not already included above, documents reflecting all policies which set forth the consequences for failing to fulfill, complete, or follow any of the trainings, notifications, alerts, policies or procedures above.

23. Documents reflecting all policies and procedures regarding driver deactivation.

24. All documents reflecting Charged Party employees discussing, recording, commenting on, or in any way documenting, any reason or explanation for deactivating a driver.

25. All documents reflecting Charged Party employees discussing, recording, commenting on, or in any way documenting a reason or explanation for requiring or suggesting that a driver obtain or complete any type of training.

26. Documents reflecting how the Charged Party disseminates the arbitration provisions to drivers.

27. Documents showing acknowledgment by drivers that they have received the arbitration provision or have accepted the terms of the arbitration provision described above in request number 26.

28. Copies of all versions of the arbitration provisions that are applied to drivers.

29. Copies of all versions of the service contracts or any contracts between Charged Party and drivers, including but not limited to Software License and Online Service Agreements.

Uber Technologis, Inc.
20-CA-160717 & 160720
Subpoena No. B-1-PRL733

30. Copy of the contract between Charged Party and any other entity or individual that uses drivers as part of their business.

31. Documents describing whether the Charged Party designates drivers as independent contractors and the basis for such designations.

32. Documents showing the terms and conditions of under which drivers work, including but not limited to, methods of payment, amounts of payment, vehicle insurance, accident and disability insurance, drug testing, background clearances, badges and uniforms, vehicle maintenance, and vehicle ownership.

33. Documents reflecting the Charged Party providing assistance to drivers, including recommending or referring to particular dealership or lender, regarding vehicle purchase, lease or rental, including but not limited to providing loans, leasing, underwriting, collateral, or any other security interest to acquire use and possession of a vehicle.

34. Document showing the organizational structure or corporate hierarchy of Charged Party.

UNITED STATES OF AMERICA
BEFORE THE NATIONAL LABOR RELATIONS BOARD
REGION 20

**UBER TECHNOLOGIES, INC.**

    **and**                                                   **Case 20-CA-160717**

**JOHN BILLINGTON, an Individual**

**AFFIDAVIT OF SERVICE OF Subpoena Duces Tecum**

I, the undersigned employee of the National Labor Relations Board, being duly sworn, say that on **December 31, 2015,** I served the above-entitled document(s) by **certified mail** upon the following persons, addressed to them at the following addresses:

Uber Technologies, Inc.
Custodian of Records
1455 Market St
San Francisco, CA 94103-1331
*B-1-PRL733*

7015 0640 0007 2064 3894

| | |
|---|---|
| December 31, 2015 | Donna Gentry, Designated Agent of NLRB |
| Date | Name |
| | |
| | /s/ Donna Gentry |
| | Signature |

Exhibit 2(b)

FORM EXEMPT UNDER 44 U.S.C 3512

| INTERNET FORM NLRB-501 (2-08) | UNITED STATES OF AMERICA NATIONAL LABOR RELATIONS BOARD CHARGE AGAINST EMPLOYER | DO NOT WRITE IN THIS SPACE | |
|---|---|---|---|
| | | Case 20-CA-160717 | Date Filed 9/24/2015 |

**INSTRUCTIONS:**
File an original with NLRB Regional Director for the region in which the alleged unfair labor practice occurred or is occurring.

### 1. EMPLOYER AGAINST WHOM CHARGE IS BROUGHT

| a. Name of Employer Uber Technologies, Inc. | | b. Tel. No. 213.229.7804 |
|---|---|---|
| | | c. Cell No. |
| | | f. Fax No. 213.229.6804 |
| d. Address (Street, city, state, and ZIP code) 1455 Market St. San Francisco, CA 94103 | e. Employer Representative Theodore Boutrous Gibson Dunn & Crutcher 333 South Grand Avenue Los Angeles, CA 90071 | g. e-Mail tboutrous@gibsondunn.com |
| | | h. Number of workers employed 10,000 + |
| i. Type of Establishment (factory, mine, wholesaler, etc.) Transportation service | j. Identify principal product or service Transportation services | |

k. The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of section 8(a), subsections (1) and (list subsections) _____ of the National Labor Relations Act, and these unfair labor practices are practices affecting commerce within the meaning of the Act, or these unfair labor practices are unfair practices affecting commerce within the meaning of the Act and the Postal Reorganization Act.

2. Basis of the Charge (set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)
Uber Technologies, Inc. ("Uber") requires its drivers to forgo their rights to engage in concerted protected activity for mutual aid and protection by requiring all cleaners to agree to its Licensing Agreement, which includes an agreement to arbitrate their claims against Uber and that waives their right to commence or participate in a class or collective action against Uber.  On September 1, 2015, a federal court in the Northern District of California ruled on class certification in a class action lawsuit on behalf of all California Uber drivers, alleging misclassification as independent contractors and related gratuities and expense claims. See O'Connor, et al. v. Uber Technologies Inc., 3:13-cv-3826-EMC. The Court excluded all drivers, including Mr. Billington, who were bound by Uber's 2014 Licensing Agreement, from the class because of the arbitration clause containing the class action waiver.  Although the court had earlier ruled that this same agreement was unconscionable and unenforceable, the agreement caused Mr. Billington, and other drivers bound by the 2014 arbitration agreement, to be excluded from the class.  By promulgating this agreement, Uber has thus restrained employees in the exercise of their Section 7 rights.  Mr. Billington was also required to agree to an earlier version of the arbitration clause (promulgated in 2013), which the Court ruled is not enforceable, and thus was not the basis for Mr. Billington to be excluded from the class.  However, Uber has filed an appeal to the Ninth Circuit Court of Appeals, arguing that the 2013 arbitration agreement (containing a class action waiver) should be enforced and thus exclude drivers from the class who are bound by that agreement.

3. Full name of party filing charge (if labor organization, give full name, including local name and number)
John Billington, individually and on behalf of all others similarly situated

| 4a. Address (Street and number, city, state, and ZIP code) John Billington 8814 Ramsonate Ave. Los Angeles, CA 90045 | 4b. Tel. No. 310.999.3869 |
|---|---|
| | 4c. Cell No. |
| RECEIVED NLRB. REGION 20 2015 SEP 24  PM 2: 13 SAN FRANCISCO. CA | 4d. Fax No. |
| | 4e. e-Mail jb310usa@gmail.com |

5. Full name of national or international labor organization of which it is an affiliate or constituent unit (to be filled in when charge is filed by a labor organization)  N/A

| 6. DECLARATION I declare that I have read the above charge and that the statements are true to the best of my knowledge and belief. | Tel. No. (617) 994-5800 |
|---|---|
| By _Shannon Liss Riordan_  Shannon Liss-Riordan (signature of representative or person making charge)  (Print/type name and title or office, if any) | Office, if any, Cell No. |
| | Fax No. (617) 994-5801 |
| Lichten & Liss-Riordan, P.C. 729 Boylston Street, Suite 2000 Boston, MA 02116      09/24/15 Address                                                          (date) | e-Mail sliss@llrlaw.com |

WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)
PRIVACY ACT STATEMENT         Inquiry ID  1-1476214591
Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 et seq. The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing unfair labor practice and related proceedings or litigation. The routine uses for the information are fully set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is voluntary; however, failure to supply the information will cause the NLRB to decline to invoke its processes.

ORIGINAL

Exhibit 3(a)

# UNITED STATES OF AMERICA

## BEFORE THE NATIONAL LABOR RELATIONS BOARD

**UBER TECHNOLOGIES, INC.**

    Charged Party

    and

**JOHN BILLINGTON**

    Charging Party

**Case 20-CA-160717**

## AFFIDAVIT OF SERVICE OF CHARGE AGAINST EMPLOYER

I, the undersigned employee of the National Labor Relations Board, state under oath that on September 25, 2015, I served the above-entitled document(s) by post-paid regular mail upon the following persons, addressed to them at the following addresses:

Theodore Boutrous
Gibson Dunn & Crutcher
333 S Grand Ave
Los Angeles, CA 90071-1504

Uber Technologies, Inc.
1455 Market St
San Francisco, CA 94103-1331

| | |
|---|---|
| September 25, 2015 | Katherine Yan, Designated Agent of NLRB |
| Date | Name |
| | Signature |

Exhibit 3(b)

FORM EXEMPT UNDER 44 U.S.C 3512

| INTERNET<br>FORM NLRB-501<br>(2-08) | UNITED STATES OF AMERICA<br>NATIONAL LABOR RELATIONS BOARD<br>CHARGE AGAINST EMPLOYER | DO NOT WRITE IN THIS SPACE | |
|---|---|---|---|
| | | **Case**<br>20—CA—160720 | **Date Filed**<br>9/24/2015 |

INSTRUCTIONS:
File an original with NLRB Regional Director for the region in which the alleged unfair labor practice occurred or is occurring.

**1. EMPLOYER AGAINST WHOM CHARGE IS BROUGHT**

| a. Name of Employer<br><br>Uber Technologies, Inc. | | b. Tel. No. 213.229.7804 |
|---|---|---|
| | | c. Cell No. |
| | | f. Fax No. 213.229.6804 |
| d. Address *(Street, city, state, and ZIP code)*<br><br>1455 Market St.<br>San Francisco, CA 94103 | e. Employer Representative<br>Theodore Boutrous<br>Gibson Dunn & Crutcher<br>333 South Grand Avenue<br>Los Angeles, CA 90071 | g. e-Mail<br>tboutrous@gibsondunn.com |
| | | h. Number of workers employed<br>10,000 + |
| i. Type of Establishment *(factory, mine, wholesaler, etc.)*<br>Transportation service | j. Identify principal product or service<br>Transportation services | |

k. The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of section 8(a), subsections (1) and *(list subsections)* _____ of the National Labor Relations Act, and these unfair labor practices are practices affecting commerce within the meaning of the Act, or these unfair labor practices are unfair practices affecting commerce within the meaning of the Act and the Postal Reorganization Act.

2. Basis of the Charge *(set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)*

Uber Technologies, Inc. ("Uber") requires its drivers to forgo their rights to engage in concerted protected activity for mutual aid and protection by requiring all cleaners to agree to its Licensing Agreement, which includes an agreement to arbitrate their claims against Uber and that waives their right to commence or participate in a class or collective action against Uber. On September 1, 2015, a federal court in the Northern District of California ruled on class certification in a class action lawsuit on behalf of all California Uber drivers, alleging misclassification as independent contractors and related gratuities and expense reimbursement claims. See O'Connor, et al. v. Uber Technologies Inc., 3:13-cv-3826-EMC. The Court excluded all drivers, including Ms. London, who were bound by Uber's 2014 Licensing Agreement, from the class because of the arbitration clause containing the class action waiver. Although the court had earlier ruled that this same agreement was unconscionable and unenforceable, the agreement caused Ms. London, and other drivers bound by the 2014 arbitration agreement, to be excluded from the class. By promulgating this agreement, Uber has thus restrained employees in the exercise of their Section 7 rights.

3. Full name of party filing charge *(if labor organization, give full name, including local name and number)*
Catherine London, individually and on behalf of all others similarly situated

| 4a. Address *(Street and number, city, state, and ZIP code)*<br><br>Catherine London<br>7951 Hillside St<br>Oakland, CA 94605 | 4b. Tel. No. 510.375. 3839 |
|---|---|
| | 4c. Cell No. |
| | 4d. Fax No. |
| RECEIVED<br>NLRB, REGION 20 | 4e. e-Mail<br>catlndnll@gmail.com |

5. Full name of national or international labor organization of which it is an affiliate or constituent unit *(to be filled in when charge is filed by a labor organization)* N/A

2015 SEP 24 PM 2:13
SAN FRANCISCO, CA

**6. DECLARATION**

I declare that I have read the above charge and that the statements are true to the best of my knowledge and belief.

| By *(signature)* Shannon Liss-Riordan | Shannon Liss-Riordan<br>*(Print/type name and title or office, if any)* | Tel. No. (617) 994-5800 |
|---|---|---|
| *(signature of representative or person making charge)* | | Office, if any, Cell No. |
| Lichten & Liss-Riordan, P.C. | | Fax No. (617) 994-5801 |
| Address 729 Boylston Street, Suite 2000 Boston, MA 02116 | 09/24/15<br>*(date)* | e-Mail sliss@llrlaw.com |

WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)

PRIVACY ACT STATEMENT   Inquiry ID 1-1476478999

Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 *et seq.* The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing unfair labor practice and related proceedings or litigation. The routine uses for the information are fully set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is voluntary; however, failure to supply the information will cause the NLRB to decline to invoke its processes.

Exhibit 4(a)

# UNITED STATES OF AMERICA

## BEFORE THE NATIONAL LABOR RELATIONS BOARD

**UBER TECHNOLOGIES, INC.**

    Charged Party

    and

**CATHERINE LONDON**

    Charging Party

**Case 20-CA-160720**

### AFFIDAVIT OF SERVICE OF CHARGE AGAINST EMPLOYER

I, the undersigned employee of the National Labor Relations Board, state under oath that on September 25, 2015, I served the above-entitled document(s) by post-paid regular mail upon the following persons, addressed to them at the following addresses:

Theodore Boutrous
Gibson Dunn & Crutcher
333 S Grand Ave
Los Angeles, CA 90071-1504

Uber Technologies, Inc.
1455 Market St Fl 4
San Francisco, CA 94103-1355

September 25, 2015

_____
Date

Katherine Yan, Designated Agent of
NLRB
_____
Name

_____
Signature

Exhibit 4(b)

08/27/2015  10:12   91369   58                          BRADY & ASSOCI...S                    PAGE  04/04

FORM EXEMPT UNDER 44 U.S.C 3512

| INTERNET FORM NLRB-501 (2-08) | UNITED STATES OF AMERICA NATIONAL LABOR RELATIONS BOARD CHARGE AGAINST EMPLOYER | DO NOT WRITE IN THIS SPACE | |
|---|---|---|---|
| | | Case 14-CA-158833 | Date Filed August 27, 2015 |

**INSTRUCTIONS:**
File an original with NLRB Regional Director for the region in which the alleged unfair labor practice occurred or is occurring.

## 1. EMPLOYER AGAINST WHOM CHARGE IS BROUGHT

| a. Name of Employer | | b. Tel. No. 708-888-1430 |
|---|---|---|
| Uber Technologies, Inc. | | |
| | | c. Cell No. |
| | | f. Fax No. |
| d. Address (Street, city, state, and ZIP code) 1455 Market Street, Fl. 4 San Francisco, CA 94103 | e. Employer Representative Peter McKelvy | g. e-Mail |
| | | h. Number of workers employed Approximately 100,000 |
| i. Type of Establishment (factory, mine, wholesaler, etc.) Transportation | j. Identify principal product or service Taxi Services | |

k. The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of section 8(a), subsections (1) and *(list subsections)* (3) _____ of the National Labor Relations Act, and these unfair labor practices are practices affecting commerce within the meaning of the Act, or these unfair labor practices are unfair labor practices affecting commerce within the meaning of the Act and the Postal Reorganization Act.

2. Basis of the Charge *(set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)*

Within the past six months, Uber Technologies, Inc. has discriminated against the Charging Party for engaging in protected concerted activity for the mutual aid and benefit of himself and other employees by terminating his employment in retaliation for discussing terms and conditions of employment on social media and attempting to organize a weekend strike in the Kansas City Area to protest working conditions in violation of Sections 8(a)(1) and (3) of the Act.

OVERLAND PARK, KS   2015 AUG 27   AM II: 00   RECEIVED NLRB: REGION 17

| 3. Full name of party filing charge *(if labor organization, give full name, including local name and number)* Mamdooh Ramzi Husein | |
|---|---|
| 4a. Address (Street and number, city, state, and ZIP code) 2180 NE Parvin Road Kansas City, MO 64116 | 4b. Tel. No. |
| | 4c. Cell No. 816-929-5400 |
| | 4d. Fax No. |
| | 4e. e-Mail |

5. Full name of national or international labor organization of which it is an affiliate or constituent unit *(to be filled in when charge is filed by a labor organization)* N/A

| 6. DECLARATION I declare that I have read the above charge and that the statements are true to the best of my knowledge and belief. | | Tel. No. 913-696-0925 |
|---|---|---|
| By *(signature of representative or person making charge)* | Mark A. Kistler *(Print/type name and title or office, if any)* | Office, if any, Cell No. 913-515-8406 |
| | | Fax No. 913-696-0468 |
| Address 10901 Lowell Ave. Su. 280, Overland Park, KS 66210 | 8/27/2015 *(date)* | e-Mail mkistler@mbradylaw.com |

WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)

PRIVACY ACT STATEMENT
Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 *et seq.* The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing unfair labor practice and related proceedings or litigation. The routine uses for the information are fully set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is voluntary; however, failure to supply the information will cause the NLRB to decline to invoke its processes.

Exhibit 5(a)

# UNITED STATES OF AMERICA

## BEFORE THE NATIONAL LABOR RELATIONS BOARD

**UBER TECHNOLOGIES, INC.**

    Charged Party

      and

**MAMDOOH RAMZI HUSEIN**

    Charging Party

**Case 14-CA-158833**

## AFFIDAVIT OF SERVICE OF CHARGE AGAINST EMPLOYER

I, the undersigned employee of the National Labor Relations Board, state under oath that on August 27, 2015, I served the above-entitled document(s) by post-paid regular mail upon the following persons, addressed to them at the following addresses:

Peter McKelvy
Uber Technologies, Inc.
1455 Market St Fl 4
San Francisco, CA 94103-1355

| August 27, 2015 | Regina Creason, Designated Agent of NLRB |
|---|---|
| Date | Name |
| | Signature |

Exhibit 5(b)

Form NLRB - 501 (2-08)

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD
**CHARGE AGAINST EMPLOYER**

INSTRUCTIONS:

| DO NOT WRITE IN THIS SPACE | |
|---|---|
| Case | Date Filed |
| 28-CA-160791 | September 25, 2015 |

File an original of this charge with NLRB Regional Director in which the alleged unfair labor practice occurred or is occurring.

### 1. EMPLOYER AGAINST WHOM CHARGE IS BROUGHT

| a. Name of Employer | b. Tel. No. |
|---|---|
| **Posh Transportation, LLC and Uber Technologies, Inc., Joint Employers** | 480-550-1282 |
| | c. Cell No. |
| | 602-501-6171 |

| d. Address (street, city, state ZIP code) | e. Employer Representative | f. Fax No. |
|---|---|---|
| 1455 Market St., 4th Floor San Francisco, CA 94103 | Amor Dulatahu | |
| | | g. e-Mail amor.d@poshtrans.com |
| 4400 N. Scottsdale Rd. #9 Scottsdale, AZ 85251 | | h. Dispute Location (City and State) Phoenix, AZ |

| i. Type of Establishment (factory, nursing home) Transportation Service | j. Principal Product or Service | k. Number of workers at dispute location |
|---|---|---|

l. The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of section 8(a), subsections (1) of the National Labor Relations Act, and these unfair labor practices are practices affecting commerce within the meaning of the Act, or these unfair labor practices are unfair practices affecting commerce within the meaning of the Act and the Postal Reorganization Act.

2. Basis of the Charge (set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)

During the last six-months the Employer by its officers, agents, and supervisors has interfered with, restrained, and coerced its employees in the exercise of their Section 7 rights by, among other things, disciplining and/or discharging its employee Brittany Nicol because of her protected concerted activity.

By the above and other acts the Employer has interfered with, restrained, and coerced employees in the exercise of their Section 7 rights under the National Labor Relations Act.

| 3. Full name of party filing charge (if labor organization, give full name, including local name and number) Brittany Nicol | |
|---|---|
| 4a. Address (street and number, city, state, and ZIP code) 4331 N. 78th St. Apt #D118 Scottsdale, AZ 85251 | 4b. Tel. No. |
| | 4c. Cell No. 720-495-0785 |
| | 4d. Fax No. |
| | 4e. e-Mail Britnicol1989@gmail.com |

| 5. Full name of national or international labor organization of which it is an affiliate or constituent unit (to be filled in when charge is filed by a labor org) | |
|---|---|

| 6. DECLARATION I declare that I have read the above charge and that the statements are true to the best of my knowledge and belief. | Tel. No. |
|---|---|
| By: [signature] Brittany Nicol | Office, if any, Cell No. |
| (signature of representative or person making charge)   Print Name and Title | Fax No. |
| Address: 4331 N. 78th St. Apt #D118 Scottsdale, AZ 85251      Date: 9.25 15 | e-Mail |

WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)
PRIVACY ACT STATEMENT
Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 et seq. The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing unfair labor practice and related proceedings or litigation. The routine uses for the information are fully set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is voluntary; however, failure to supply the information will cause the NLRB to decline to invoke its processes.

Exhibit 6(a)

# UNITED STATES OF AMERICA

## BEFORE THE NATIONAL LABOR RELATIONS BOARD

<table>
<tr>
<td>

**POSH TRANSPORTATION, LLC AND UBER TECHNOLOGIES, INC., JOINT EMPLOYERS**

Charged Party

and

**BRITTANY NICOL, AN INDIVIDUAL**

Charging Party

</td>
<td>

**Case 28-CA-160791**

</td>
</tr>
</table>

**AFFIDAVIT OF SERVICE OF CHARGE AGAINST EMPLOYER**

I, the undersigned employee of the National Labor Relations Board, state under oath that on September 28, 2015, I served the above-entitled document(s) by post-paid regular mail upon the following persons, addressed to them at the following addresses:

Posh Transportation, LLC
1455 Market Street, 4th Floor
San Francisco, CA 94103

Uber Technologies, Inc.
4400 North Scottsdale Road, #9
Scottsdale, AZ 85251

| September 28, 2015 | Kay Davis, Designated Agent of NLRB |
|---|---|
| Date | Name |

|  | /s/ Kay Davis |
|---|---|
|  | Signature |

Exhibit 6(b)

Form NLRB - 501  (2-08)

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD
**CHARGE AGAINST EMPLOYER**

**INSTRUCTIONS:**

| DO NOT WRITE IN THIS SPACE | |
| --- | --- |
| Case | Date Filed |
| 13-CA-163062 | 10/30/15 |

File an original of this charge with NLRB Regional Director in which the alleged unfair labor practice occurred or is occurring.

**1.  EMPLOYER AGAINST WHOM CHARGE IS BROUGHT**

| a. Name of Employer<br>Uber Technologies Inc. | | b. Tel. No.<br>(773)309-4286 |
| --- | --- | --- |
| | | c. Cell No. |
| d. Address (street, city, state ZIP code)<br>370 N Carpenter St<br>Chicago, IL 60607-1223 | e. Employer Representative<br>Travis Kalanick - CEO | f. Fax No. |
| | | g. e-Mail |
| | | h. Dispute Location (City and State)<br>Chicago, IL |
| i. Type of Establishment (factory, nursing home, hotel)<br>Transportation | j. Principal Product or Service<br>Ride Sharing | k. Number of workers at dispute location<br>35000 |

l. The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of section 8(a), subsections (1) of the National Labor Relations Act, and these unfair labor practices are practices affecting commerce within the meaning of the Act, or these unfair labor practices are unfair practices affecting commerce within the meaning of the Act and the Postal Reorganization Act.

2. Basis of the Charge (set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)

On about June 8, 2015, the Employer interfered with rights protected by Section 7 of the Act by telling employees that they would be terminated if they attempted to discuss working conditions with other employees.

On about June 15, 2015 the Employer discriminated against employee Abdul Mohammed by discharging him in retaliation for and or in order to discourage protected concerted activities.

| 3. Full name of party filing charge (if labor organization, give full name, including local name and number)<br>Abdul Mohammed | | |
| --- | --- | --- |
| 4a. Address (street and number, city, state, and ZIP code)<br>258 E Bailey Rd, Apt C, Naperville, IL 60565-1439 | | 4b. Tel. No.<br>(630)597-3098 |
| | | 4c. Cell No. |
| | | 4d. Fax No. |
| | | 4e. e-Mail<br>mohammed80@icloud.com |

5. Full name of national or international labor organization of which it is an affiliate or constituent unit (to be filled in when charge is filed by a labor organization)

| 6.  DECLARATION<br>I declare that I have read the above charge and that the statements are true to the best of my knowledge and belief.<br><br>By: _N. Ab_<br>(signature of representative or person making charge)<br><br>Address: 258 E Bailey Rd, Apt C, Naperville, IL 60565-1439 | Tel. No.<br>(630)597-3098 |
| --- | --- |
| Abdul Mohammed<br>Print Name and Title<br><br>Date: 10/30/2015 | Office, if any, Cell No. |
| | Fax No. |
| | e-Mail<br>mohammed80@icloud.com |

**WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)**

**PRIVACY ACT STATEMENT**

Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 et seq. The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing unfair labor practice and related proceedings or litigation. The routine uses for the information are fully set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is voluntary; however, failure to supply the information will cause the NLRB to decline to invoke its processes.

1-1507903691

Exhibit 7(a)

# UNITED STATES OF AMERICA

## BEFORE THE NATIONAL LABOR RELATIONS BOARD

| |
|---|
| **UBER TECHNOLOGIES INC.** |
| Charged Party |
| and |
| **ABDUL MOHAMMED** |
| Charging Party |

**Case 13-CA-163062**

## AFFIDAVIT OF SERVICE OF CHARGE AGAINST EMPLOYER

I, the undersigned employee of the National Labor Relations Board, state under oath that on November 2, 2015, I served the above-entitled document(s) by post-paid regular mail upon the following persons, addressed to them at the following addresses:

Travis Kalanick, CEO
Uber Technologies Inc.
370 North Carpenter Street
Chicago, IL 60607-1223

| November 2, 2015 | Joe Cherry, Designated Agent of NLRB |
|---|---|
| Date | Name |

*Joe L. Cherry, Jr.*

Signature

Exhibit 7(b)

**Leon, Carmen**

| | |
|---|---|
| **From:** | Leon, Carmen |
| **Sent:** | Wednesday, October 21, 2015 9:57 AM |
| **To:** | 'jplace@littler.com' |
| **Subject:** | Uber Technologies, Inc., 14-CA-158833 |
| **Sensitivity:** | Personal |
| **Flag Status:** | Completed |

Mr. Place:

I understand that you are representing Uber Technologies Inc., in the above-referenced case. Given the number of charges that have been filed against your client with different Regional offices across the country, and the likelihood that many of the charges will require the investigation of the independent contractor issue, the Agency has decided to streamline the process by having Region 20 in San Francisco coordinate the evidence and make a determination on this issue.

I am in receipt of your position statement submitted on October 5, 2015. Please advise whether this is the extent of the evidence you will be providing on this issue. In the alternative, if you wish to submit any additional evidence that Region 20 should consider, please submit no later than November 9, 2015, the date on which the Charged Party representative in Region 20 will be submitting its position statement. Should you have any questions on the coordination of these cases or any other matters concerning these cases, please do not hesitate to contact me.

Thank you,

**Carmen León**
Attorney

National Labor Relations Board, Region 20
901 Market Street, Suite 400
San Francisco, CA 94103
Direct: (415) 356-5176
Fax: (415) 356-5130

Exhibit 8(a) - page 1 of 7

**Leon, Carmen**

| | |
|---|---|
| **From:** | Leon, Carmen |
| **Sent:** | Monday, November 02, 2015 12:57 PM |
| **To:** | 'Williams, Greta B.' |
| **Subject:** | Uber Technologies, Inc., 28-CA-160791 |
| **Sensitivity:** | Personal |
| **Flag Status:** | Completed |

Ms. Williams,

I understand that a charge has been filed against your client in Region 28 (see the case number listed above). Uber Technologies, Inc. is alleged as a Joint Employer in that case. The issue of whether the drivers in that case are independent contractors or employees will also be determined by Region 20. I would like to solicit Uber's position in that case as well. However, as of right now, there has been no Notice of Appearance submitted in that case. Do you know who will be representing Uber in that case?

Thanks,

**Carmen León**
Attorney

National Labor Relations Board, Region 20
901 Market Street, Suite 400
San Francisco, CA 94103
Direct: (415) 356-5176
Fax: (415) 356-5130

1

Exhibit 8(a) - page 2 of 7

## Leon, Carmen

| | |
|---|---|
| **From:** | Leon, Carmen |
| **Sent:** | Monday, November 09, 2015 12:57 PM |
| **To:** | Hulteng, Rob |
| **Subject:** | Uber Technologies, Inc. |
| | |
| **Sensitivity:** | Personal |
| | |
| **Flag Status:** | Completed |

Rob:

As I mentioned in our telephone discussion this morning, in addition to investigating cases 20-CA-160717 & 160720, Region 20 is coordinating the evidence on the issue of whether the Uber drivers are independent contractors or employees under Section 2(3) of the Act, for all of the Regions. Thus, any evidence or position statements on this issue for the charges filed in all of the Regions should come to me as well. (As far as I know, only the position statement filed in case 14-CA-158833 has addressed this issue thus far.) My letter dated October 21, 2015, to the attorneys at Gibson Dunn, asked broadly for the Charged Party's position and any evidence in support of its position. In addition to the contracts specifically requested (containing the arbitration agreement), please submit the following:

1. All trainings issued or administered to drivers, through the driver app, by email, when first onboarding, or in any other form, during the time period beginning August 1, 2013, and through the present. Please also specify how the trainings are issued or administered to the drivers, and how the drivers complete the training.

2. All notifications or alerts on the requirements, expectations, or suggestions for driving or continuing to drive, issued to drivers during the time period beginning August 1, 2013, and through the present, the manner in which the notifications or alerts are issued, and the manner in which drivers demonstrate their acceptance or completion.

3. All policies and procedures concerning driver conduct, expectations, recommendations, or suggestions, including but not limited to, best practices, "How to use the Uber Driver App," "How to be a 5 Star Uber Driver," the "Zero Tolerance" list, the "Majors" list, the "Minors" list, and the "Cites" list, issued to drivers during the time period beginning August 1, 2013, and through the present. Please include how the drivers receive these policies and procedures, and whether and how drivers must demonstrate acceptance or completion.

4. All policies concerning driver business cards, maintained during the time period beginning August 1, 2013, and through the present.

5. All policies concerning vehicle displays or logos, maintained during the time period beginning August 1, 2013, and through the present.

6. All policies regarding drivers' use of any transportation software, other than the Charged Party's, maintained during the time period beginning August 1, 2013, and through the present.

7. All policies concerning drivers' trip acceptance, including how the trip acceptance rate is calculated and how the Charged Party uses the rate, maintained during the time period beginning August 1, 2013, and through the present.

Exhibit 8(a) - page 3 of 7

8.  All policies concerning customer ratings including how the ratings are calculated and how the Charged Party uses the ratings, maintained during the time period beginning August 1, 2013, and through the present.

9.  All policies concerning driver deactivation, maintained during the time period beginning August 1, 2013, and through the present.

10. To the extent not already included above, all policies maintained or issued during the time period beginning August 1, 2013, and through the present, which set forth the consequences for failing to fulfill, complete, or follow any of the trainings, notifications, alerts, policies or procedures above.

For all of the above, please include the items issued or maintained by the Charged Party and any of its subsidiaries including, but not limited to, Rasier, LLC, Rasier-CA, LLC, and Rasier-PA, LLC.

Please do not hesitate to contact me if you have any questions.

Thank you,

**Carmen León**
Attorney

National Labor Relations Board, Region 20
901 Market Street, Suite 400
San Francisco, CA 94103
Direct: (415) 356-5176
Fax: (415) 356-5130

Exhibit 8(a) - page 4 of 7



UNITED STATES GOVERNMENT
## NATIONAL LABOR RELATIONS BOARD

REGION 20                                    Agency Website: www.nlrb.gov
901 Market Street, Suite 400                 Telephone: (415)356-5130
San Francisco, CA 94103-1738                 Fax: (415)356-5156

Agent's Direct Dial: (415) 356-5176

Sent by email to tboutrous@gibsondunn.com and GBWilliams@gibsondunn.com
October 21, 2015

Theodore Boutrous                    Greta B. Williams
Gibson Dunn & Crutcher               Gibson, Dunn & Crutcher LLP
333 S Grand Ave                      1050 Connecticut Avenue, N.W.
Los Angeles, CA 90071-1504           Washington, DC 20036-5306

Re:     Uber Technologies, Inc.
        Cases 20-CA-160717 & 160720

Dear Mr. Boutrous, Ms. Williams:

I am writing this letter to advise you that it is now necessary for me to take evidence from your client, Uber Technologies, Inc., or the Charged Party, regarding the allegations raised in the investigation of the above-referenced matter. Set forth below are the allegations and issues on which your evidence is needed, a request to take affidavits, and a request for documentary evidence. As I mentioned in my telephone conversation with Ms. Williams on October 8, 2015, the Region requests that the Charged Party's position in this matter be submitted by November 6, 2015.

**Allegations:** The allegations for which I am seeking your evidence are as follows. John Billington and Catherine London (together, the Charging Parties) have alleged that Uber Technologies, Inc. has unlawfully maintained and enforced an arbitration agreement that prohibits drivers from bringing work-related disputes as a class action, in violation of Section 8(a)(1) of the National Labor Relations Act (the Act). See *Murphy Oil USA, Inc.*, 361 NLRB No. 72 (2014); *Hoot Winc, LLC*, 363 NLRB No. 2 (2015).

In order to make a determination on the merits of the case, the Region must determine whether the drivers at issue are employees as defined by Section 2(3) of the Act. Please set forth your position on this issue with any evidence in support of your position.

**Board Affidavits:** I am requesting to take affidavits from any individuals you believe have information relevant to the investigation of this matter. Please be advised that the failure to present representatives who would appear to have information relevant to the investigation of this matter, for the purposes of my taking sworn statements from them, constitutes less than complete cooperation in the investigation of the charge. Please contact me by October 30, 2015, to schedule these affidavits.

Exhibit 8(a) - page 5 of 7

Uber Technologies, Inc.                         - 2 -                         October 21, 2015
Case 20-CA-160717

    **Documents:**  Please provide the following documents, along with any and all other evidence you deem to be relevant to the case.

1. Documents reflecting any agreements between the Charging Parties and the Charged Party or its representatives, including, but not limited to, Rasier, LLC, including but not limited to the "Transportation Provider Service Agreement" and the "Software License and Online Service Agreement."

2. Documents reflecting the Charged Party's Arbitration Policy, and all versions of its Arbitration Policy maintained during the time period beginning January 1, 2013, through the present.

3. Documents reflecting the Charged Party's enforcement of its Arbitration Policy for the years 2013, through 2015.

    Additionally, please provide the identity of Rasier, LLC, and its relationship to the Charged Party.

    Please also be advised that given the number of charges that have been filed against your client with different regional offices across the country, and the likelihood that many of the charges will require the investigation of whether the drivers are employees under Section 2(3) of the Act, the Agency has decided to streamline the process by having Region 20 coordinate the evidence and make a determination on this issue. Thus, the Region is in possession of and continues to solicit the Charged Party's position on this issue from all of the representatives who have filed a notice of appearance to represent the Charged Party in the different regional offices.

    **Date for Submitting Evidence:**  To resolve this matter as expeditiously as possible, you must provide your evidence and position in this matter by November 6, 2015.  If you are willing to allow me to take affidavits, please contact me by October 30, 2015, to schedule a time to take affidavits.  Electronic filing of position statements and documentary evidence through the Agency website is preferred but not required.  To file electronically, go to **www.nlrb.gov,** select **E-File Documents,** enter the **NLRB case number,** and follow the detailed instructions.  If I have not received all your evidence by the due date or spoken with you and agreed to another date, it will be necessary for me to make my recommendations based upon the information available to me at that time.

Exhibit 8(a) - page 6 of 7

Uber Technologies, Inc.                    - 3 -                    October 21, 2015
Case 20-CA-160717

     Please contact me at your earliest convenience by telephone, (415)356-5176, or e-mail, carmen.leon@nlrb.gov, so that we can discuss how you would like to provide evidence and I can answer any questions you have with regard to the issues in this matter.

                    Very truly yours,

                    /s/ Carmen León

                    CARMEN LEON
                    Field Attorney

Exhibit 8(a) - page 7 of 7

# Kwon, Christy

| | |
|---|---|
| **From:** | Hulteng, Rob <RHulteng@littler.com> |
| **Sent:** | Monday, November 09, 2015 1:30 PM |
| **To:** | Leon, Carmen |
| **Subject:** | FW: Uber / Billington / London:  NLRB Notices of Appearance |
| **Attachments:** | London-Uber_ NLRB Notice of Appearance 11.9.15 (136878670_1).PDF; Billington-Uber_ NLRB Notice of Appearance 11.9.15 (136878605_1).PDF |

Carmen: Following up on our telephone conversation of earlier today, I have attached Notices of Appearance in the two Region 20 cases.  Our firm will also be appearing in the other cases that are pending in different Regions (we have submitted Notices of Appearance in some of them earlier, I believe).  I'm going to try to pull together the current status of the other cases, and will make sure that we have Notices of Appearance on file for all of them.  Thanks for giving me the case numbers for all of those.  ---Rob

**Rob Hulteng,** Attorney At Law
415.677.3131 direct  415.743.6566 fax  RHulteng@littler.com
650 California Street, 20th Floor | San Francisco, CA 94108-2693



**Littler** | littler.com
Employment & Labor Law Solutions Worldwide

**From:** Gostnell, Nicole
**Sent:** Monday, November 09, 2015 12:46 PM
**To:** Hulteng, Rob
**Subject:** Uber / Billington / London: NLRB Notices of Appearance

Rob,

Attached are copies of the NLRB Notices of Appearance for Billington and London.  Thank you.

**Nicole Gostnell,** Legal Secretary
Direct:  415.288.6395
NGostnell@littler.com
650 California Street, 20th Floor | San Francisco, CA 94108-2693

**Littler** | littler.com
**Employment & Labor Law Solutions Worldwide**

---------------------------

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities. Please visit www.littler.com for more information.

1

Exhibit 8(b)



UNITED STATES GOVERNMENT
**NATIONAL LABOR RELATIONS BOARD**

REGION 20
901 Market Street, Suite 400
San Francisco, CA 94103-1738

Agency Website: www.nlrb.gov
Telephone: (415)356-5130
Fax: (415)356-5156

Agent's Direct Dial: (415) 356-5176

Sent by email to RHulteng@littler.com
December 31, 2015

ROBERT G. HULTENG, ESQ.
LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108-2693

Re:     Uber Technologies, Inc.
        Case 20-CA-160717, et al.

Dear Mr. Hulteng:

Attached please find courtesy copies of the subpoenas served on your client today. One subpoena seeks documents and the other subpoena seeks written answers to interrogatories. As mentioned in the subpoena instructions, these requests are not meant to be overly broad or burdensome. To the extent we can reach stipulations respecting the return date, timing or the scope of the information requested, we will do our utmost to reasonably accommodate your client.

Please contact me at your earliest convenience by telephone, (415) 356-5176, or e-mail, carmen.leon@nlrb.gov, so that we can arrange a mutually convenient time and place to review the subpoenaed materials. If you have any questions about the subpoena, please let me know as soon as possible. Thank you in advance for your cooperation.

Very truly yours,

/s/ Carmen Leon


CARMEN LEON
Field Attorney

Enclosures

Exhibit 9

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Uber Technologies, Inc.
Custodian of Records
1455 Market Street
San Francisco, CA 94103

Uber Technologies, Inc.
20-CA-160717, et al/A-1-PRRW1T/cl



9590 9403 0321 5155 5650 98

2. Article Number (Transfer from service label)

7015 0640 0007 2064 3900

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent
☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery
Claudia HM      1/4/16

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, April 2015 PSN 7530-02-000-9053     Domestic Return Receipt

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

NATIONAL LABOR RELATIONS BOARD
REGION 20
901 MARKET STREET, SUITE 400
SAN FRANCISCO, CA 94103-1735

USPS TRACKING#



9590 9403 0321 5155 5650 98

Exhibit 10

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature <br>X ☐ Agent ☐ Addressee<br>B. Received by (Printed Name)  Clanda H-M   C. Date of Delivery 1/4/16 |
| 1. Article Addressed to:<br>Uber Technologies, Inc.<br>Custodian of Records<br>1455 Market Street<br>San Francisco, CA 94103 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No |
| Uber Technologies, Inc.<br>20-CA-160717, et al/B-1-PRL733/cl | 3. Service Type |
| ‖‖‖‖‖‖‖‖‖‖‖‖‖<br>9590 9403 0321 5155 5651 04 | ☒ Certified Mail® etc. |
| 2. Article Number (Transfer from service label)<br>7015 0640 0007 2064 3894 | |

PS Form 3811, April 2015 PSN 7530-02-000-9053   Domestic Return Receipt

UNITED STATES POSTAL SERVICE  | First-Class Mail Postage & Fees Paid USPS Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

**NATIONAL LABOR RELATIONS BOARD**
**REGION 20**
**901 MARKET STREET, SUITE 400**
**SAN FRANCISCO, CA 94103-1735**

USPS TRACKING#

9590 9403 0321 5155 5651 04