UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL LABOR RELATIONS BOARD,<br><br>　　　　Applicant,<br><br>　　v.<br><br>UBER TECHNOLOGIES, INC.,<br><br>　　　　Respondent. | Case No.  16-mc-80057-KAW<br><br>**ORDER DENYING RENEWED ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Re: Dkt. Nos. 18, 19, 20, 21 |

On May 6, 2016, Uber Technologies, Inc. ("Uber") filed a renewed administrative motion to file under seal. Dkt. Nos. 18, 19, 20, 21.[1] The motion suffers from the same deficiencies contained in the original motion to seal. First, despite Uber's repeated assertion to the contrary, the motion is not "narrowly tailored to seek sealing only of sealable material." *See* Civil L.R. 79-5(b). For example, a number of the proposed redactions concern information that is publicly available. Second, Uber has once again failed to provide a highlighted chambers copy of the unredacted version of the document sought to be sealed. Uber states that yellow highlighting was included in the original document, but that its proposed redactions are highlighted in green. (Dkt. No. 18-1.) The courtesy copy provided is black and white, making it impossible for the Court to differentiate between the highlighting contained in the original documents and the highlighting corresponding to Uber's proposed redactions. Third, the courtesy copies provided do not conform with the other requirements set forth in Civil Local Rule 79-5(d)(1)-(2). *See, e.g.*, Civil L.R. 79-5(d)(2) ("The courtesy copy of unredacted declarations and exhibits should be presented in the

---

[1] Given that Uber filed a single motion as four separate docket entries, it may wish to review the instructions for filing such motions, which are available online at http://www.cand.uscourts.gov/ecf/underseal.

same form as if no sealing order was being sought. In other words, if a party is seeking to file under seal one or more exhibits to a declaration, or portions thereof, the courtesy copy should include the declaration with all of the exhibits attached, including the exhibits, or portions thereof, sought to be filed under seal, with the portions to be sealed highlighted or clearly noted as subject to a sealing motion.").

Accordingly, Uber's renewed motion to seal is DENIED.  If Uber would like the Court to consider the materials submitted in connection with the motion to seal, Uber must file a proper motion that fully complies with Civil Local Rule 79-5.  If Uber is unable to file such a motion, then it may file the unredacted version of its materials on the public docket for the Court's consideration.  The hearing currently set for May 19, 2016 is continued to June 16, 2016.

IT IS SO ORDERED.

Dated: 05/10/16

_____
KANDIS A. WESTMORE
United States Magistrate Judge