UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL LABOR RELATIONS BOARD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UBER TECHNOLOGIES, INC.,<br><br>　　　　Defendant. | Case No.  16-mc-80057-KAW<br><br>**ORDER CONTINUING HEARING ON APPLICATION FOR ORDER TO ENFORCE OBEDIENCE TO SUBPOENAS TO AUGUST 18, 2016** |

On March 2, 2016, the National Labor Relations Board ("Board") applied for an order enforcing two administrative subpoenas it issued in connection with its investigation of certain charges of unfair labor practices against Respondent Uber Technologies, Inc. The application was scheduled to be heard on July 7, 2016.

On July 5, 2016, Uber filed a motion to stay the instant proceeding in light of the pending motion for preliminary approval of the class action settlement in *O'Connor v. Uber Technologies, Inc.,* Case No. 13-cv-03826-EMC, which, if approved, would provide for the withdrawal of the two charges filed in this region. (Dkt. No. 31-1 at 2.) Therein, Respondent requested that the July 7, 2016 hearing be continued. (Dkt. No. 31-8.)

While the Court understands that the Board has broad investigatory authority, the potential mootness of the charges in this region would undoubtedly affect the scope of the subpoenas. The Court does not believe that a short postponement will harm the public interest. (7/6/16 Letter, Dkt. No. 33.)[1] Accordingly, in the interest of judicial economy, the Court continues the hearing on the application to August 18, 2016— the same date the motion to stay is scheduled to be heard.

---

[1] The undersigned notes that more than four months elapsed between the first charge filed and the Board's issuance of the subpoenas, which is far outside its own investigatory time target of six weeks. (*See* 7/6/16 Letter at 2.)

Additionally, the Court notes that it appears that the Board's reliance on *Fresh & Easy*—so far as it argues that Uber's failure to file a petition to revoke operates as a bar to challenge the scope of the investigative subpoenas—is misplaced, particularly in light of the permissive language contained in the National Labor Relations Act and the Board's role, here, as an investigatory body rather than an arbiter. 29 U.S.C. § 161(1) ("Within five days after the service of a subpena [sic] . . . , such person **may** petition the Board to revoke . . . .")(emphasis added); *N.L.R.B. v. Fresh & Easy Neighborhood Mkt., Inc.,* 805 F.3d 1155, 1164 (9th Cir. 2015) ("That the federal courts may enforce a subpoena does not mean that this forum can be used to circumvent the essential role of the Board in managing discovery in the cases before it.")  Thus, the undersigned encourages the parties to continue their meet and confer efforts regarding the scope of the subpoenas to avoid unnecessary motion practice.

IT IS SO ORDERED.

Dated: July 6, 2016

_Kandis Westmore_
KANDIS A. WESTMORE
United States Magistrate Judge

2