ROBERT G. HULTENG, Bar No. 071293
rhulteng@littler.com
ELIZABETH PARRY, Bar No. 163841
mparry@littler.com
LAUREN E. MEYERHOLZ, Bar No. 294518
lmeyerholz@littler.com
LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, California 94104
Telephone:   415.433.1940
Facsimile:   415.399.8490

Attorneys for Respondent
UBER TECHNOLOGIES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL LABOR RELATIONS BOARD,<br><br>Applicant,<br><br>v.<br><br>UBER TECHNOLOGIES, INC.,<br><br>Respondent. | Case No.  4:16-MC-80057-KAW<br><br>**RESPONDENT UBER TECHNOLOGIES, INC.'S REPLY IN SUPPORT OF ITS MOTION TO STAY NLRB'S APPLICATION FOR ORDER REQUIRING OBEDIENCE TO SUBPOENAS**<br><br>Date:   August 18 , 2016<br>Time:   11:00 a.m.<br>Judge:  Hon. Mag. Kandis A. Westmore<br>Ctrm:   1301 Clay Street, Oakland CA 94612 |

(NO.4:16-MC-80057-KAW)

UBER'S REPLY ISO MOTION TO STAY
NLRB'S APPLICATION FOR ORDER

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

Respondent Uber Technologies, Inc. ("Uber" or "Respondent") respectfully submits this Reply brief in support of its Motion to Stay NLRB's Application for Order Requiring Obedience to Subpoenas.

## I. INTRODUCTION

The Region's Opposition is largely premised on the erroneous contention that dismissal of Case Nos. 20-CA-160720 and 20-CA-160717 (*i.e.* Catherine London and John Billington's ULP charges), pursuant to the terms of the *O'Connor* settlement, will have no impact on the two subpoenas at issue here. The Region contends that the two subpoenas arise not only from the two ULP charges specifically listed in the subpoenas (*i.e.* Case Nos. 20-CA-160720 and 20-CA-160717), but also from *other* charges filed against Uber both before and after issuance of the subpoenas. That simply is not the case. The two subpoenas are explicitly and *solely* based on the London and Billington ULP charges. Thus, if the London and Billington ULP charges are dismissed, the instant proceedings will terminate. As a result, the two subpoenas will be rendered moot. The Region cannot now seek to invoke *other* ULP charges pending against Uber as a basis to keep the subpoenas alive. Uber respectfully requests that the Court stay this action pending final approval of the *O'Connor* settlement.

## II. ARGUMENT

### A. Despite The Region's Arguments To The Contrary, The Dismissal Of London And Billington's ULP Charges *Will* Render This Enforcement Action Moot.

In its Opposition brief, the Region repeatedly states that even if Case Nos. 20-CA-160720 and 20-CA-160717 are dismissed pursuant to the *O'Connor* settlement, the Region's investigation into the employment status of transportation providers who utilize Uber's mobile application will continue. The Region therefore argues that the potential dismissal of Case Nos. 20-CA-160720 and 20-CA-160717 should not affect the pending subpoena enforcement action. (Opp. at p. 4.)

It may well be true that the Region intends to continue pursuing other ULP charges filed against Uber. If so, the Region could choose to issue subpoenas relating to those other charges. That has not happened yet. What the Region ignores is that the two subpoenas they seek to enforce by way of *this* action were issued *only* in Case Nos. 20-CA-160720 and 20-CA-160717. (*See*

Hulteng Decl. at ¶¶ 4-5.) The two subpoenas were not issued as part of a generalized "NLRB investigation" as the Region suggests. Rather, the Region sought issuance of subpoenas in connection with these two specific ULP charges, and it is these two charges that stand to be dismissed pursuant to the *O'Connor* settlement.

Ignoring the fact that the subpoenas list *only* Case Nos. 20-CA-160720 and 20-CA-160717, the Region claims that "other charges" also "serve as the predicate for the subpoenas." (Opp. at p. 1.) In fact, the Region contends that the subpoenas arise not only from the investigation into three other charges filed between August and October 2015, but also encompasses four additional charges filed against Uber *after* issuance of the subpoenas. (Opp. at p. 2.) Uber does not dispute that the NLRB possesses the power to issue investigatory subpoenas. However, that does not change the fact that in *this instance*, the Region opted to seek issuance of subpoenas in connection with two particular cases. The Region appears to contend, without support, that it is empowered to utilize subpoenas issued in one case to investigate other subsequently filed cases.[1] The Region cites no authority in support of the novel proposition that, once a ULP charge is dismissed, a subpoena issued in connection with that charge remains valid and may be enforced in connection with investigations into any number of other charges filed against the same entity. The subpoenas issued in connection with Case Nos. 20-CA-160720 and 20-CA-160717 will not continue in perpetuity post-dismissal. They will die with the charges on which they are based exclusively.[2]

In short, the Region contends that this Court may order Uber to comply with the two subpoenas, even assuming that the charges are dropped by the individuals who filed them. The Region argues that this enforcement action will remain viable, regardless of whether the regional director chooses to dismiss London and Billington's ULP charges pursuant to the *O'Connor* settlement. The Region is wrong. The *O'Connor* settlement stands to entirely eliminate the ULP charges, which in turn will render moot the subpoenas upon which this enforcement action is based.

---

[1] Notably, the Region does not contend that the four new charges filed in Florida, New York, Pennsylvania and New Jersey will be investigated as part of Region 20's ongoing coordinated investigation into the five earlier filed charges.

[2] *See e.g., Carroll v. United States*, 2015 U.S. Dist. LEXIS 23933, *16 (D.S.C., Aug. 22, 2014) (noting that upon case dismissal, request for issuance of a subpoena rendered moot); *Integrated Aircraft Sys. v. Porvair Filtration Group, Ltd.*, 2012 U.S. Dist. LEXIS 88171, *8 (N.D. Ohio, June 26, 2012) (because court dismissed case, motion to quash subpoena rendered moot).

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

(NO.4:16-MC-80057-KAW)   - 2 -.   UBER'S REPLY ISO MOTION TO STAY NLRB'S APPLICATION FOR ORDER

### B. The Relevant Factors All Weigh In Favor Of Granting Uber's Motion To Stay.

The Region contends that granting Uber's motion to stay will unduly delay their investigation into the employment status of transportation providers who utilize Uber's mobile application. Not so. A stay will have no bearing on the Region's investigation into *other* pending ULP charges. For example, the Region notes that Case No. 14-CA-158833 was filed on August 27, 2015 and that further delay would frustrate the NLRB's duty to expediently investigate that charge.[3] (Opp. at p. 3.) Nothing at issue in the instant action prohibits the Region from continuing to investigate Case No. 14-CA-158833 or any other ULP charges pending against Uber. The Region has shown no harm to its investigative processes that would flow from a temporary stay of this enforcement action.

The Region next disputes that Uber will suffer hardship and inequity if this Court rules on the pending Enforcement Application. The Region argues that because the subpoenas at issue are also based on other ULP charges not mentioned in the subpoenas themselves, the enforcement action will continue regardless of whether the regional director dismisses the London and Billington charges. As discussed above, that argument is baseless and unsupported by any authority whatsoever.

The Region also contends that because a regional director may or may not grant requests to dismiss ULP charges, Uber's argument as to hardship must be rejected. Uber acknowledges that the NLRB Regional Director has the discretion to approve London and Billington's requests for withdrawal. That that does not change the fact that Uber potentially stands to expend unnecessary and significant resources while waiting to see what the Regional Director decides to do. If this Court enters an order granting the Region's request, Uber will be forced either to embark on the collection and production of vast amounts of data at significant expense, or to engage in protracted motion practice in order to secure appropriate limits on the Region's subpoenas. Both scenarios would cause significant hardship and expense to Uber. Both could be avoided by temporarily staying the instant action. Particularly in light of the fact that the Region has not demonstrated any harm to the public interest, Uber's hardship weighs heavily in favor of granting the requested stay.

---

[3] It is ironic that the Region now worries about delay, given that it has already been processing Case No. 14-CA-158833 for eleven months with no action yet taken.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

(NO.4:16-MC-80057-KAW)   - 3 -.   UBER'S REPLY ISO MOTION TO STAY NLRB'S APPLICATION FOR ORDER

Lastly, the Region contends that because the *O'Connor* settlement will not impact the legal standard at issue in the enforcement action, there are no judicial efficiencies to be gained by imposing a stay. The Region ignores the fact that Ninth Circuit authority explicitly provides for the entry of a stay order when "pending resolution of independent proceedings will **bear upon** the case." *Leyva v. Certified Grocers of California Ltd.*, 593 F. 2d 857, 863-864 (9th Cir. 1997) (emphasis added). The rule does not "require that the issues in [the separate] proceedings are necessarily controlling of the action before the court." *Id.* The *O'Connor* action plainly "bears upon" the instant action because approval of the *O'Connor* settlement will automatically trigger withdrawal of the London and Billington ULP charges, which should in turn render the instant action moot. It is true, of course, that the *O'Connor* case does not address subpoena enforcement. But it does directly address the only two charges on which the subpoenas are based. The events set in motion by approval of the *O'Connor* settlement will potentially be dispositive of this action, as the *O'Connor* settlement stands to **entirely eliminate** the need for the Court to rule on Uber's obligations with respect to the two subpoenas at issue.

By granting a temporary stay, the Court will conserve the time and resources of all parties.

## III. CONCLUSION

Based on the foregoing, Respondent respectfully requests that the NLRB's Application for Order Requiring Obedience to Subpoenas be temporarily stayed pending approval of the *O'Connor* settlement.

Dated: July 26, 2016

_____
ROBERT G. HULTENG
LITTLER MENDELSON, P.C.
Attorneys for Respondent
UBER TECHNOLOGIES, INC.

Firmwide:141661469.1 073208.1114

(NO.4:16-MC-80057-KAW)  - 4 -.  UBER'S REPLY ISO MOTION TO STAY NLRB'S APPLICATION FOR ORDER