UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL LABOR RELATIONS BOARD,<br><br>    Plaintiff,<br><br>    v.<br><br>UBER TECHNOLOGIES, INC.,<br><br>    Defendant. | Case No. 16-mc-80057-KAW<br><br>**ORDER DENYING UBER'S MOTION TO STAY NLRB'S APPLICATION FOR ORDER REQUIRING OBEDIENCE TO SUBPOENAS**<br><br>Re: Dkt. No. 31 |

On July 5, 2016, Respondent Uber Technologies, Inc. filed a motion to stay the instant proceedings in light of the pending approval of the class action settlement in *O'Connor, et al. v. Uber Technologies*, 13-cv-03826-EMC (N.D. Cal.), which would presumably eliminate the unfair labor practices charges upon which the National Labor Relations Board's enforcement action is based. (Def.'s Mot., Dkt. No. 31-1 at 2.)

On August 18, 2016, the Court held a hearing, and after consideration of the submissions and the parties' arguments, and for the reasons set forth below, DENIES Uber's motion to stay the enforcement action.

## I.  BACKGROUND

The miscellaneous action stems from the National Labor Relations Board's ("NLRB" or "the Board") investigation of Respondent Uber Technologies, Inc.'s requirement that its drivers waive their right to engage in protected concerted activity, specifically a class action and collective action waiver contained in its arbitration agreement. Two California Uber drivers—Catherine London and John Billington—filed virtually identical charges with Region 20 of the NLRB in San Francisco regarding the validity of the waiver requirement under the National Labor Relations Act ("the Act"). In order to violate the Act, the drivers must be employees, rather than

independent contractors. Thereafter, drivers in other regions filed charges alleging various violations of the Act, and the Board's efforts were consolidated in Region 20 to coordinate the investigation of whether the drivers are employees under Section 2(3) of the NLRA, 29 U.S.C. § 152. (Appl., Dkt. No. 1 at 5.)

In the course of its investigation into these charges, the Board issued subpoenas requiring the custodian of records for Uber to produce documents and provide testimony before the Board as to those documents. (Subpoenas, Appl., Exs. 1(a), 2(a).) Uber did not fully comply with the subpoenas, and, on March 2, 2016, the Board filed the instant action to enforce them. (Dkt. No. 1.)

On July 5, 2016, Uber filed a motion to stay the proceedings pending the approval of the class action settlement in *O'Connor, et al. v. Uber Technologies*, 13-cv-03826-EMC (N.D. Cal.), an explicit term of which would result in the withdrawal of the London and Billington unfair labor practices charges upon which the Board's enforcement action is based. (Def.'s Mot., Dkt. No. 31-1 at 2, 4-5.) As a result of the pending motion, the Court continued the hearing on the application to August 18, 2016.

On July 19, 2016, the Board filed an opposition. (Pl.'s Opp'n, Dkt. No. 35.) On July 26, 2016, Uber filed a reply. (Def.'s Reply, Dkt. No. 36.)

On August 15, 2016, the parties filed a further joint status report in which the Board stated that the parties were at an impasse regarding the scope of the subpoenas. (Dkt. No. 37.) On August 18, 2016, the Court held a hearing at which both parties appeared.

Also on August 18, 2016, the district court denied the motion for preliminary approval in *O'Connor*. Order Denying Pls.' Mot. for Preliminary Approval, *O'Connor, et al. v. Uber Technologies*, 13-cv-03826-EMC (N.D. Cal. Aug. 18, 2016), ECF No. 748.

## II.   LEGAL STANDARD

### A.   Motion to Stay

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Whether to stay proceedings is entrusted to the discretion of the district court. *See id.* at 254-55. In deciding

1  whether to stay proceedings pending resolution of another action, a district court must weigh
2  various competing interests, including the possible damage which may result from granting a stay,
3  the hardship a party may suffer if the case is allowed to go forward, and "the orderly course of
4  justice measured in terms of the simplifying or complicating of issues, proof, and questions of law
5  which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th
6  Cir. 2005). The burden is on the movant to show that a stay is appropriate. *See Clinton v. Jones*,
7  520 U.S. 681, 708 (1997).

### B.  Request for Judicial Notice

A district court may take notice of facts not subject to reasonable dispute that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *United States v. Bernal–Obeso,* 989 F.2d 331, 333 (9th Cir. 1993). "[A] court may take judicial notice of 'matters of public record.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (citing *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)). The court need not accept as true allegations that contradict facts which may be judicially noticed. *See Mullis v. United States Bankruptcy Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987).

### III.  DISCUSSION

Uber moves for a temporary stay on the grounds that the *O'Connor* settlement would empower London and Billington to seek withdrawal of their pending charges, which, if approved by the Board's Regional Director, could moot the instant enforcement action. (Def.'s Mot. at 6.)

### A.  Request for Judicial Notice

As a preliminary matter, Uber asks that the Court take judicial notice of purportedly true and correct copies of: 1) Complaint, filed in *O'Connor, et al. v. Uber Technologies*, 13-cv-03826-EMC (N.D. Cal. Aug. 16, 2013); 2) Class Action Settlement and Release, filed in *O'Connor, et al. v. Uber Technologies*, 13-cv-03826-EMC (N.D. Cal. Apr. 21, 2016), ECF No. 519-6; and 3) Notice of Motion and Motion for Preliminary Approval and Memorandum of Points and Authorities in Support Thereof, filed in *O'Connor, et al. v. Uber Technologies*, 13-cv-03826-EMC (N.D. Cal. Apr. 21, 2016), ECF No. 518. (Def.'s Req. for Judicial Notice ("Def.'s RJN"), Dkt. No.

31-3.) The Board does not oppose the request for judicial notice.

Exhibits 1, 2, and 3 are documents filed in the *O'Connor* case. Court records are subject to judicial notice, so the Court will take judicial notice of the exhibits, because they are true and correct copies of a court record. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

Accordingly, the Court GRANTS Uber's request for judicial notice.

### B.     Motion to Stay

#### i.     Minimal damage would result from granting a stay

The Board argues that granting the motion to stay would harm the public interest due to a delay in the investigation of these cases. (Pl.'s Opp'n at 3.) Uber contends that nothing at issue in the instant action prevents the NLRB from continuing to investigate those charges pending in other regions. (Def.'s Reply at 3.) The Court agrees. There is nothing stopping the Board from issuing investigative subpoenas in other regions even if the information sought pertains to the classification issue. That the Board decided to consolidate their investigatory efforts in Region 20 is not dispositive.

Thus, this factor is neutral— neither weighing in favor of nor against the imposition of a temporary stay.

#### ii.     Uber would not suffer hardship in responding to the subpoenas

Uber contends that a stay is appropriate given the broad scope of the subpoenas, which would require expending significant time, burden, and expense to fully respond to the requests. (Def.'s Mot. at 7.) Uber states that it has already provided all subpoenaed information as it relates to the charging parties, so the Board already possesses all of the information related to Billington and London. *Id.*

In opposition, the Board argues that the scope and relevance of the information sought is unaffected by the ultimate disposition of the *O'Connor*-related charges, because "they are not the only legs holding up the NLRB's application for subpoena enforcement." (Pl.'s Opp'n at 4.) At the hearing, the Board clarified that the investigation of the threshold issue of whether the drivers are employees, and, therefore, enjoy the protection of the Act, would need to occur regardless of whether the two charges cited on the face of the subpoena were withdrawn, due to the charges

1  pending in other regions.

2      At the hearing, Uber argued that it welcomed complaints being filed in the London and
3  Billington charges so that the classification issue could be fully aired.  In response, the Board
4  explained that it needed to conduct its investigation prior to filing complaints, because complaints
5  would be improper prior to an affirmative determination that the drivers are "employees" under to
6  the NLRB's ten factor test, and the NLRB needs the information requested to perform that
7  assessment.

8      The Board further contends that Uber's mootness argument "is based on the mistaken
9  assumption that the NLRB will inevitably approve the withdrawal of the charges filed by two
10 Charging Parties that are plaintiffs in the *O'Connor* case," because approval of the withdrawal is
11 within the discretion of the Regional Director even if requested by the charging parties. (Pl.'s
12 Opp'n at 4.)  The Court declines to engage in speculation regarding how the Regional Director
13 will decide to proceed.

14     Notwithstanding, the existence of the threshold classification issue mandates that Uber
15 eventually produce the information requested to permit the Board to make a determination as to
16 whether drivers are employees under the Act regardless of the specific facts alleged in the charges
17 at issue.  Indeed, Uber failed to explain, either at the hearing or in its moving papers, how its
18 burden of production would be lessened should the charges be withdrawn.  Since the classification
19 issue exists independently of the two charges, and charges are pending in other regions, Uber
20 would suffer no greater hardship if it is required to comply now.

21     Accordingly, the Court finds that this factor weighs heavily against the imposition of a
22 temporary stay.

23     **iii.   Judicial efficiency will not be gained by granting a temporary stay**

24     Uber argues that a stay is appropriate pending the final outcome in the *O'Connor* action
25 because it "plainly 'bears upon' the instant action because approval of the *O'Connor* settlement
26 will automatically trigger withdrawal of the London and Billington ULP charges, which should in
27 turn render the instant action moot" because it "directly address[es] the only two charges on which
28 the subpoenas are based." (Def.'s Reply at 4.)  The Court disagrees.

Without regard to the recent denial of the motion for preliminary approval in *O'Connor*, the NLRB's need to decide whether drivers are employees for the purposes of the Act necessitates an investigation, so the Board has the information required to make that determination. Other than claims that the withdrawal of the London and Billington charges would moot the enforcement action, Uber has not identified any way in which the outcome in *O'Connor* would affect the investigation of the threshold determination, and, therefore, has failed to meet its burden of showing that a stay is appropriate. To the contrary, it is evident that little or no judicial efficiency would be gained by waiting for a final disposition in *O'Connor*, because the need to resolve the classification issue would remain.

Accordingly, this factor weighs against granting the temporary stay.

## IV.   CONCLUSION

In light of the foregoing, Respondent Uber Technologies, Inc.'s motion to stay pending final action in *O'Connor, et al. v. Uber Technologies*, 13-cv-03826-EMC (N.D. Cal.), is DENIED, and the Court takes the Application for Order Requiring Obedience to Subpoena Ad Testificandum and Subpoena Duces Tecum (Dkt. No. 1) under submission without further briefing or oral argument.

Additionally, Uber's request for judicial notice is GRANTED.

IT IS SO ORDERED.

Dated: August 19, 2016

KANDIS A. WESTMORE
United States Magistrate Judge