UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL LABOR RELATIONS BOARD,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>UBER TECHNOLOGIES, INC.,<br><br>　　　　Defendant. | Case No. 16-mc-80057-SK<br><br>**ORDER REGARDING APPLICATION TO ENFORCE SUBPOENAS**<br><br>Regarding Docket No. 1 |

The National Labor Relations Board ("Board") filed an application for an order to enforce two administrative subpoenas the Board issued in connection with its investigation of charges of unfair labor practices against Respondent Uber Technologies, Inc. ("Uber"). Having carefully considered the parties' papers, relevant legal authority, and the record in the case, the Court GRANTS the application for the reasons set forth below.

## BACKGROUND

Multiple Uber drivers have filed charges against Uber for violations of the National Labor Relations Act, 29 U.S.C. §§ 151, *et seq.* ("Act"). On September 24, 2015, Catherine London and John Billington each filed a charge in Region 20 of the Board in San Francisco, California against Uber. Both London and Billington assert that Uber violated the Act by requiring its drivers to waive their right to engage in protected concerted activity by requiring them to agree to a licensing agreement which includes an arbitration policy that includes a waiver of class and collective actions. On August 27, 2015, Mamdooh Ramzi Husein filed a charge in Region 14 of the Board in Kansas City, Missouri against Uber. Husein alleges that Uber discriminated against him for engaging in concerted activity. On September 25, 2016, Brittany Nicol filed a charge in Region 28 of the Board in Phoenix, Arizona against Uber. Nicol alleges that Uber disciplined and/or

discharged her based on her protected concerted activities.[1]  On October 30, 2015, Abdul Mohammed filed a charge in Region 13 of the Board in Chicago, Illinois against Uber. Mohammed alleges that Uber interfered with his rights protected by Section 7 of the Act.

       The central question underlying each charge is the status of each Uber driver as either an independent contractor or employee.  Each of these charges under investigation by the Board would constitute a violation of the Act only if these drivers are employees of Uber, as opposed to independent contractors.  Uber contends that its drivers are independent contractors.  Therefore, the Board is investigating the threshold issue of whether the Uber drivers at issue are employees pursuant to Section 2(3) of the Act, 29 U.S.C. § 152, or whether they are independent contractors. To promote efficiency, the General Counsel of the Board decided to coordinate the investigations of this threshold issue in Region 20.  (Dkt. 1, Ex. 8.)  The Board notified Uber of this decision. (*Id.*)

       On December 31, 2015, the Board sent two subpoenas to Uber, one requesting the production of documents and one requesting that Uber answer interrogatories.  (Dkt. 1, Exs 1, 2.) Both subpoenas state that they are connected to the Board's investigation of Billington's charge, "et al."  At the hearing, the Board argued that the "et al." means the related charges, which includes all of the charges pending against Uber.  Uber contends that the subpoenas only concern the charges by Billington and London, and Uber asserts that it has provided the information that is relevant to these two individual drivers to the Board.

       Both subpoenas include the following statement:

> If you do not intend to comply with the subpoena, within 5 days (excluding Saturdays, Sundays, and holidays) after the date the subpoena is received, you must petition in writing to revoke the subpoena. . . . See Board's Rules and Regulations, 29 C.F.R. Section 102.31(b) (unfair labor practice proceedings) . . . . Failure to follow these rules may result in the loss of any ability to raise objections to the subpoena in court.

(Dkt. 1, Exs 1, 2.)  It is undisputed that that Uber did not submit a petition to revoke as to either of these subpoenas.  However, Uber did raise concerns regarding the scope of these subpoenas

---

[1] At the hearing on the motion to enforce, the Board stated that the charge filed by Nicol has been withdrawn, but that at least three other charges have been filed by drivers in Florida, New York, and New Jersey.

through correspondence with counsel for the Board. (Dkt. 10-2 (Declaration of Robert Hulteng), ¶¶ 13-16.)[2] Uber did not fully comply with the subpoenas, and, on March 2, 2016, the Board filed the instant action to enforce them.

## ANALYSIS

The Board has filed this application to enforce its subpoenas. Uber opposes the subpoenas on the grounds that the requested documents and interrogatories exceed the scope of the charges filed by Billington and London. However, before the Court may addresses the scope of the subpoenas, the Court must determine the threshold issue of whether Uber waived its ability to assert objections in Court by failing to file a petition to revoke with the Board.

The Act provides that a party who receives a subpoena from the Board may petition the Board to revoke within five days of service, and that the Board shall revoke the subpoena if the evidence sought "does not relate to any matter under investigation, or any matter in question in such proceedings, or if in its opinion such subpoena does not describe with sufficient particularity the evidence whose production is required." 29 U.S.C. § 161(1). The regulation relating to this statute requires a party, if he or she does not intend to comply with the subpoena, to file a petition to revoke within five days. 29 C.F.R. § 102.31(b). Pursuant to the regulation, the party shall file the petition to revoke with the regional director, and the regional director shall refer the petition to the Board for a ruling. It is undisputed that Uber did not file a petition to revoke the subpoenas. The Board argues that Uber's failure to petition for revocation precludes Uber from challenging the scope of the subpoenas in Court.

Courts "generally will not entertain a challenge to a subpoena that was not first brought before the Board." *N.L.R.B. v. Fresh & Easy Neighborhood Mkt., Inc.*, 805 F.3d 1155, 1159 (9th Cir. 2015) (citing *E.E.O.C. v. Cuzzens of Ga., Inc.*, 608 F.2d 1062, 1063 (5th Cir. 1979) ("Generally, one who has neglected the exhaustion of available administrative remedies may not seek judicial relief."); *E.E.O.C. v. Hennepin Cnty.,* 623 F. Supp. 29, 31-32 (D. Minn. 1985) ("A

---

[2] In his declaration, Robert Hulteng states that emails and letters in which Uber proffered its concerns are attached to the Board's application to enforce the subpoenas, starting at Exhibit 12. (Dkt. 10-2.) However, there are only ten exhibits attached to the Application. (Dkt. 1.) Even assuming that the Hulteng Declaration is accurate in quoting the non-existent exhibits, the analysis here does not change, based on the representation of that evidence.

party's failure to attempt [the] administrative appeal procedure prevents the party from challenging the subpoena, except on constitutional grounds.")).[3] The Ninth Circuit held that a respondent's failure to exhaust precluded the court from considering the respondent's merit-based challenges to the subpoena's validity. *See Fresh & Easy Neighborhood Mkt.*, 805 F.3d at 1162.

Courts have waived the exhaustion requirement when the challenge to a subpoena is based on constitutional grounds or there are exceptional circumstances, neither of which is present here. *See Cuzzens of Ga.*, 608 F.2d at 1064 (finding failure to exhaust barred challenges to judicial enforcement of subpoena for any reason other than objections based on constitutional grounds); *E.E.O.C. v. Lutheran Soc. Servs.,* 186 F.3d 959 (D.C. Cir. 1999) (holding that exceptional circumstances were needed to overcome strong presumption of waiver based on failure to exhaust).

In *Lutheran Social Services*, the court found that several facts, when considered together, amounted to exceptional circumstances which warranted excusing the failure to exhaust claims of attorney-client and work-product privileges. *Id*. at 964-66.  First, the subpoena did not advise that Lutheran had only five days to object or even point to the regulation that sets forth this requirement. *Id*. at 964.  Instead, the subpoena merely referenced the statute which provides that a party "may" petition the agency if it objects to the subpoena on the grounds of relevance or particularity, neither of which were at issue in that case. *Id*.  Second, the agency investigator who issued the subpoena may have inadvertently misled Lutheran into believing it had not missed any deadlines. *Id*. at 965.  Third, Lutheran did not assert its objections for the first time in court, as it had repeatedly claimed that the document at issue was privileged. *Id*.  In fact, the "EEOC official with whom the regulation required Lutheran to file its petition, the District Director, was aware of the nature of Lutheran's objections." *Id*.

Fourth, and perhaps most importantly, the court noted that excusing the exhaustion requirement would do little to undermine the integrity of the agency's procedures because the

---

[3] As noted by the Ninth Circuit, cases analyzing challenges to subpoenas issued by the EEOC are analogous to those analyzing challenges to subpoenas issued by the Board. *Fresh & Easy Neighborhood Mkt.*, 805 F.3d at 1162.  Challenges to subpoenas issued by the EEOC and the Board are both subject to the same five-day filing deadline and appeals process. *Id*.

issue at stake was one of attorney-client privilege and the application of the doctrine of the attorney work product. "The basic purpose of the exhaustion doctrine is to allow an administrative agency to perform functions within its special competence." *Id*. (quoting *Parisi v. Davidson,* 405 U.S. 34, 37 (1972)). The court noted that because the agency did not have any expertise with respect to the attorney-client privilege or application of the doctrine of attorney work product, no such benefit would flow from requiring exhaustion. "[E]xpertise as to those privileges resides in the federal courts." *Id*. (citing Fed.R.Evid. 501). The court contrasted the case from the more typical situation where a subpoena recipient objects based on relevance or particularity. "In such cases, exhaustion is important because the [agency] possesses considerable expertise with respect to relevance and particularity, expertise to which we would comfortably defer." *Id*.[4]

The court also noted the important role that the attorney-client privilege and work product doctrine play in the enforcement of Title VII:

> [L]acking resources to pursue every suspected violation of federal law, the government must depend on effective, conscientious private lawyers to help clients comply voluntarily. The government might gain some short term benefit by obtaining documents in this case, but the long-range consequences could be quite damaging. Weakening the ability of lawyers to represent clients at the preclaim stage of anticipated litigation would inevitably reduce voluntary compliance with the law, produce more litigation, and increase the workload of government law-enforcement agencies.

*Id*. at 966 (quoting *In re Sealed Case,* 146 F.3d 881, 887 (D.C.Cir.1998)). Additionally, upholding Lutheran's privilege claim would not deny the agency access to any sources of possible evidence of discrimination but instead would only protect the attorneys' legal advice. *Id*.

The facts present here are in sharp contrast to the circumstances that the court found were sufficiently extraordinary to excuse exhaustion in *Lutheran Social Services*. First, the subpoenas here advised Uber of the regulatory requirement to exhaust. As quoted above in full, the

---

[4] The Ninth Circuit cited *Lutheran Social Services* with approval on this point. *See Fresh & Easy Neighborhood Mkt.*, 805 F.3d at 1163-64 ("An exhaustion requirement is especially appropriate here given that Fresh & Easy's substantive objection to the subpoena is its alleged irrelevancy, lack of particularity, and overbreadth. As *Lutheran Social Services* noted, '[i]n such cases, exhaustion is important because the [agency] possesses considerable expertise with respect to relevance and particularity, expertise to which we would comfortably defer.'").

5

Case 3:16-mc-80057-SK   Document 49   Filed 10/19/16   Page 6 of 10

subpoenas both state specifically that "you must petition in writing to revoke the subpoena" within five days after receipt of the subpoenas and that "[f]ailure to follow these rules may result in the loss of any ability to raise objections to the subpoena in court." (Dkt. 1, Exs 1, 2.) Second, there is no evidence or even allegation that the Board misled Uber into thinking that it was not required to timely exhaust by filing a petition to revoke within five days. Third, and perhaps most significantly, Uber's objections here concern relevance and scope, areas in which the Board possesses considerable expertise. *See Lutheran Soc. Servs.*, 186 F.3d at 965; *see also Fresh & Easy Neighborhood Mkt.*, 805 F.3d at 1163-64. Fourth, upholding Uber's objections would deny the Board access to potentially voluminous relevant evidence. The only point of similarity with the facts of *Lutheran Social Services* is that Uber raised its objections informally to the Board. The Court finds that informally asserting concerns to an agency, standing alone, is insufficient to amount to extraordinary circumstances sufficient to waive the exhaustion requirement.

      Uber argues that it was not required to exhaust administrative remedies because the Board is seeking to enforce its own investigatory subpoena, as distinguished from a testimonial subpoena issued in the Board's capacity as an arbitrator. However, Uber fails to cite to any authority that supports making this distinction.[5] Notably, courts have required exhaustion with respect to investigatory subpoenas. *See e.g.*, *Cuzzens of Ga., Inc.*, 608 F.2d at 1063 (enforcing an investigatory subpoena); *Hennepin Cnty.*, 623 F. Supp. at 31-32 (same). Although there is no reported case from the Ninth Circuit addressing the exhaustion requirement specifically as to

---

[5] Uber cites *N.R.L.B. v. Interbake Foods, LLC*, 637 F.3d 492 (4th Cir. 2010), for the proposition that the administrative procedures do not apply here because the Board is seeking to enforce its own investigatory subpoena. However, *Interbake Foods* does not support Uber or stand for this proposition. The court in *Interbake Foods* did not address the issue of exhaustion of administrative remedies. In fact, the respondent filed a petition to revoke. *Id.* at 496. In *Interbake Foods*, a party refused to comply with the administrative law judge's order to provide purportedly privileged documents for *in camera* review. The court merely held that "[i]f enforcement becomes necessary, . . . the parties must . . . turn to the district courts to obtain it." *Id.* at 498; *see also id.* at 499 (holding that when the company refused to comply with the ALJ's order of production for *in camera* review, "the ALJ lacked the power to enforce [the order]. To obtain enforcement, the Board had to apply to the district court for a judicial order of enforcement."). Moreover, the court held that if it was necessary to review documents *in camera* to make a determination regarding privilege, a court should examine the documents *in camera* directly, rather than require the company to provide them for *in camera* review to the ALJ. *Id.* at 500-501. Neither party here is arguing that the Court does not have jurisdiction to enforce the subpoena. Additionally, Uber does not contend that any of the requested documents are protected by the attorney-client privilege or work-product doctrine. *Interbake Foods* is simply inapplicable.

6

investigatory subpoenas, the Ninth Circuit cited *Cuzzens* and *Hennepin County* with approval when it addressed a challenge to a testimonial subpoena. *Fresh & Easy Neighborhood Mkt.*, 805 F.3d at 1159.

Next Uber argues that it is not required to exhaust because the statute provides that a person served with a Board subpoena "may" petition to revoke, and thus, filing a petition is not mandatory. The D.C. Circuit thoroughly considered and rejected this argument. *See Lutheran Soc. Servs.*, 186 F.3d at 963-64. The court found that the permissive language of the statute meant that exhaustion of administrative remedies was not jurisdictional, meaning that the courts are not barred by statute from adjudicating challenges to subpoenas that have not been exhausted. However, "the exhaustion doctrine continues to apply *as a matter of judicial discretion.*" *Id.* at 963 (emphasis in original) (citing *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992) ("Where Congress specifically mandates, exhaustion is required. But where Congress has not clearly required exhaustion, sound judicial discretion governs.")); *see also N.L.R.B. v. Coughlin*, 2005 WL 850964, at *2 (S.D. Ill. Mar. 4, 2005) (based on jurisprudential doctrine, held that failure to file petition to revoke barred party from raising arguments, other than those based on attorney-client privilege or work-product doctrine, to challenge subpoena in Court). The court held that the regulation's mandatory language regarding exhaustion "creates a strong presumption that issues parties fail to present to the agency will not be heard in court." *Lutheran Soc. Servs.*, 186 F.3d at 964. A party who fails to exhaust must demonstrate extraordinary circumstances to defeat this strong presumption. *Id.*; *see also Fresh & Easy Neighborhood Mkt.*, 805 F.3d at 1163 ("Excuse from the exhaustion requirement can be warranted in exceptional circumstances") (citing *Lutheran Soc. Servs*, 186 F.3d at 965).[6] As the Court discussed above, Uber has made no effort to demonstrate the existence of exceptional circumstances that would warrant excusing the

---

[6] Uber cites to *N.L.R.B. v. Service Employees Int'l. Union, Local 521*, 2008 WL 152176 (N.D. Cal Jan. 16, 2008) for the proposition that exhausting administrative remedies is not a jurisdictional requirement. In *Service Employees*, the court relied on the permissive language of the statute and the fact that the Board did not argue that the failure to exhaust deprived the court of jurisdiction to excuse the failure to exhaust. *Id.* at *2. Notably, the court in *Service Employees* did not address the mandatory language of the regulation or consider the analysis in *Lutheran Social Services* that, despite the absence of a jurisdictional bar, a party should still be required to demonstrate exceptional circumstances to excuse the failure to exhaust.

7

exhaustion requirement.

Finally, Uber argues that it is not required to exhaust because the Board received notice of its objections and/or that exhaustion would have been futile. Uber fails to cite to any authority that supports its position that the mere fact that the Uber conveyed its concerns to the Board informally is sufficient to excuse the exhaustion requirement or demonstrates that exhaustion would have been futile.[7]

This Court agrees with the only opinions on this issue. Other courts have held that raising objections without filing a petition to revoke is insufficient to exhaust the administrative remedies. *See N.L.R.B. v. Bacchi*, 2004 WL 2290736, at *3-4 (E.D.N.Y. June 16, 2004) (finding that exhaustion requirement was not futile, despite the fact that counsel sent a letter regarding the subpoena, noting that the court "[could not] predict what would have happened if respondents had pursued their administrative remedies by filing a petition with the Board"); *see also E.E.O.C. v. Deb Shops, Inc.*, 1995 WL 579541, at *3 (N.D. Ill. Sept. 28, 1995) (finding that conveying objections through a letter and, thus, providing agency an opportunity to resolve issues regarding subpoena failed to demonstrate that filing petition to revoke would have been futile).

As noted above, merely communicating some concerns, without filing a petition to revoke, does not amount to exceptional circumstances. *See E.E.O.C. v. Sunoco*, 2009 WL 197555, *4-5 (E.D. Pa. Jan. 26, 2009) (finding the company's informal objections before the subpoena enforcement action was initiated, as well as the subpoena's failure to advise of the five-day deadline to petition to revoke, did not amount to exceptional circumstances to excuse the failure to exhaust). Moreover, the Court notes that the Board's requested scope of production has shifted as a result of the meet and confer process that the parties have participated in during this litigation. The Board has made clear that it is willing to accept some stipulations and representative samplings in response to many of its requests for production. (Dkt. 37.) Because Uber chose to

---

[7] Uber relies on *E.E.O.C. v. Loyola Univ. Med. Ctr.*, 823 F. Supp. 2d 835, 838 (N.D. Ill. 2011) for the proposition that merely providing the agency notice of its objections is sufficient. However, in *Loyola University Medical Center*, the court declined to "rule on the motion based on Loyola's procedural shortcomings" in the absence of any published authority under the Americans with Disabilities Act provision at issue and in light of the fact that the university was asserting objections based on confidentiality. *Id.* Therefore, *Loyola University Medical Center* does not assist Uber.

8

forego the opportunity to file a petition to revoke, it is unclear what the result from that administrative process may have been. As the Board points out, the NLRB is composed of two components: the five-member Board and the General Counsel. (Dkt. 45 n. 2 (citing 29 U.S.C. §§ 153(d), 160(b), and 161(a)).) The General Counsel acts as the investigatory body, and the Board is the arbiter of petitions to revoke. From Uber's description of its communications with the NLRB, it appears as though Uber's conversations were with a representative of the General Counsel and not with the Board. Based on the record before it, the Court cannot find as a matter of law that it would have been futile for Uber to have exhausted its administrative remedies.[8]

Uber also makes a futility argument based on the merits of the underlying dispute – whether Uber's arbitration agreements contain an invalid waiver of collective actions. According to Uber, it would have been futile to petition to revoke based on the purported overbreadth of the subpoenas because of the Board's "refusal to acknowledge the federal court's overturning of *D.R. Horton*." (Dkt. 10 (Uber's Opp. Br.) at 21.) In *D.R. Horton, Inc.*, 357 NLRB No. 184, 2012 WL 36274 (Jan. 3, 2012), the Board held that requiring employees to sign an arbitration agreement which prohibited joint, class, or collective employment-related claims in any forum violated the Act. The Fifth Circuit reversed the Board and held that arbitration agreements containing class waivers are enforceable. *D.R. Horton, Inc. v. N.L.R.B.*, 737 F.3d 344, 362 (5th Cir. 2013). However, the Ninth Circuit recently came to the opposite conclusion. *See Morris v. Ernst & Young, LLP*, --- F.3d ---, 2016 WL 4433080, *11 (9th Cir. Aug. 22, 2016) (holding that an employer violates the Act by requiring its employees to sign an arbitration agreement which precludes them from bringing a concerted legal claim in any forum). Therefore, even if it were proper for the Court to consider an argument regarding the merits of the underlying dispute or charge in this enforcement action,[9] the Board's position is consistent with the law of the Ninth

---

[8] Related to the futility argument, Uber contends that it was not required to exhaust because the Board made a final determination to enforce the subpoena. If that were the case, however, then no courts would require exhaustion when the Board seeks to enforce a subpoena. That is simply not the case.

[9] Courts do not generally consider arguments regarding the merits of the pending administrative proceeding in a subpoena enforcement action. *E.E.O.C. v. Karuk Tribe Hous. Auth.*, 260 F.3d 1071, 1076-77 (9th Cir. 2001) (holding that "a party may not avoid an administrative subpoena on the ground that it has a valid defense to a potential subsequent lawsuit," unless the defense is jurisdictional in nature).

Circuit.

The Court finds that Uber's failure to exhaust its administrative remedies by filing a petition to revoke precludes it from raising challenges to the subpoenas in this proceeding. Accordingly, the Court GRANTS the application to enforce the subpoenas.

## CONCLUSION

For the foregoing reasons, the Court GRANTS the Board's application to enforce the subpoenas issued on December 31, 2015. The parties are HEREBY DIRECTED to meet and confer by no later than November 1, 2016 regarding a deadline for Uber to comply with the subpoenas. The parties shall file a stipulation, and if they cannot agree, they may each file a statement no longer than two pages summarizing their position on their proposed deadline, by no later than November 10, 2016.

**IT IS SO ORDERED**.

Dated: October 17, 2016

_____

SALLIE KIM
United States Magistrate Judge